## Love *v.* Southern Railway Co.

*(Knoxville.* November 9, 1901.)

1. **Summons.** *Issuance of prevents running of statute of limitations, when.*

   The issuance of a summons commanding the defendant, in general terms, to appear at a designated term of court to answer an administrator "in an action for personal injuries resulting in the death " of the deceased, "to plaintiff's damage $2,000," etc., is sufficient, without stating the existence or names of the beneficiaries of the recovery and without stating more specifically the cause of action, to prevent the running of the statute of limitations, from and after the date of its issuance, against any beneficiary that may be named in the declaration or against any specific cause falling within the general description of action that may be therein averred.

   Code construed: §§ 4520, 4521 (S.); §§ 3520, 3521 (M. & V.); §§ 2815, 2816 (T. & S.).

   Cases cited: Railroad *v.* Brigman, 95 Tenn., 624; Flatley *v.* Railroad, 9 Heis., 230; Whaley *v.* Catlett, 103 Tenn., 348.

2. **Declaration.** *Amendment of, that relates to commencement of action.*

   A declaration in an action, by an administrator, to recover for personal injuries, causing a decedent's death, is fatally defective where it fails to state the existence and names of the beneficiaries entitled to the recovery, but the defect may be remedied by amendment; and such amendment, when made, relates to the commencement of the suit by issuance of the summons, although these facts are not stated in the summons, so as to prevent the running of the statute of limitations from and after the issuance of the summons.

   Cases cited: Nance *v.* Thompson, 1 Sneed, 321; Burgie *v.* Sparks, 11 Lea, 84; Crofford *v.* Cothron, 2 Sneed, 492; Railway Co. *v.* Lilly, 90 Tenn., 563; Cannon *v.* Phillips, 2 Sneed, 186; Railway Co. *v.* Pitt, 91 Tenn., 86; Webb *v.* Railway Co., 88 Tenn., 128; Railroad *v.* Bean, 94 Tenn., 388; Greenlee *v.* Railroad, 5 Lea, 418; Trafford *v.* Express Co., 8 Lea, 100; Loague *v.* Railroad,

Love v. Southern Railway Co.

91 Tenn., 458; Railroad v. Davis, 104 Tenn., 442; Holden v. Railroad, 92 Tenn., 144; Railroad v. Acuff, 92 Tenn., 26; Sample v. Smith, 1 Sh. Cas., 282; Collins v. Railroad, 9 Heis., 841; Railroad v. Foster, 10 Lea, 351.

3. ACTIONS.    *For personal injuries causing death.*

The statutes saving to the widow, children, and next of kin of a decedent a right of action to be prosecuted in the name of his administrator for personal injuries causing his death, do not create a new and substantive right of action for their benefit, but merely preserves and continues for them the right of action that deceased would have had if he had survived. Hence the action, in such case, is that of the administrator, and not that of the widow, children, or next of kin, though prosecuted for their benefit; and such action is therefore effectively commenced, so as to prevent the running of the statute of limitations, in the name of the administrator, without mention of the beneficiaries of the recovery.

Case cited: Whaley v. Catlett, 103 Tenn., 348.

FROM    WASHINGTON.

Appeal in error from the Circuit Court of Washington County.    H. T. CAMPBELL, J.

ISAAC HARR and S. E. MILLER for Love.

KIRKPATRICK, WILLIAMS & BOWMAN, for Ry. Co.

WILKES, J.    This is an action for damages for personal injuries resulting in the death of George Miller. His administrator procured the issuance of summons October 2, 1899, which was executed October 4, 1899. This summons was in the following words and figures:

STATE OF TENNESSEE, }
    WASHINGTON COUNTY. }   ORIGINAL SUMMONS.

*To the Sheriff of Washington County—Greeting:*

You are hereby commanded to summon the Southern Railway Co., if to be found in your County, to appear before the Judge of our Law Court, at a Court to be held in the Courthouse in the town of Johnson City, on the third Monday in December next, then and there to answer J. S. Love, administrator of the estate of George Miller, in an action for personal injuries resulting in the death of said George Miller, to plaintiff's damage $2,000.00, etc.

A declaration was filed December 20, 1899. It was demurred to December 22, 1899. This demurrer was not heard until April, 1900. It was then amended in a marginal note, but in what does not appear, and the demurrer was overruled, and defendant given sixty days in which to plead. The general plea of not guilty was filed August 3, 1900. On August 20, defendant obtained continuance for the term. At the next term, and on December 17, 1900, the trial of the cause was entered upon. When the first witness for plaintiff was being examined, he was asked whether George Miller, the deceased, left as his widow, Elizabeth Miller, when the defendant objected that the declaration did not aver that fact, and the Court sustained the objection, to which the plaintiff excepted. Plaintiff then offered to prove that the widow of deceased was still living, to which like objection was made, and by the Court sustained, to which exception was taken. The plaintiff thereupon moved to amend his declaration by further averring that the deceased,

George Miller, at the time of his death, left surviving him, as his widow, Elizabeth Miller, at whose instance the plaintiff brings the suit, and for whose use and benefit, the plaintiff sues and demands a jury.

At a subsequent day of the term, but before any further action had on the trial, the motion to amend was disallowed, the order reciting that the motion should be disallowed, because, as contended by counsel of defendant, the bar of the one year statute of limitations had become complete. To this action the plaintiff excepted, and the motion to amend, and to disallow, and the action of the Court thereon, were made parts of the record by bill of exceptions.

The Court charged the jury that plaintiff could not recover, because the existence of a statutory beneficiary had not been averred. There was a verdict for defendant, and plaintiff has appealed and assigned errors.

The questions presented to this Court, are:

1. Should the amendment proposed have been allowed?

2. Should it, if allowed, relate back to the date of the summons or declaration, or only take effect at the time it was made, in view of the defense of the statute of limitations set up and relied on by the defendants?

It is proper to add that the demurrer in the Court below did not raise these questions, as it

was filed and acted upon before the amendment was proposed. Neither was it suggested in the demurrer that the original declaration did not state the existence of beneficiaries, the grounds of demurrer being wholly different, and other matters.

Considering the question whether the amendment should have been allowed:

The general rule is thus stated in Tiffany on Death by Wrongful Act, Sec. 187:

"The complaint, or declaration, may be amended as in other actions when the amended pleading does not state a new cause of action, and such amendment, although made after the expiration of the period of limitation, will relate back to the commencement of the action." . . .

But it is said "the decisions are not entirely harmonious in the application of the rule." Section 187.

Illustrations are given as to what amendments may be made, and fall within the rule, and among them is placed an amendment which adds an allegation that the deceased left a wife and children. Section 187, Note 35. For this statement, in the text, the author cites *So. Car. Ry. Co.* v. *Nix,* 68 Ga., 572; *Haynes* v. *Chicago & A. R. R. Co.,* 9 Ill. Appeals, 105. We have examined the former, but have not had access to the latter case. In considering this proposition we have also examined, in addition to our own

cases, the cases of: *Huntingdon, etc., R. R. Co.
v. Decker,* 84 Pa. St., 419; *Fort Worth R. R.
Co.* v. *Wilson,* 85 Tex., 516, and other cases.

The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. 1 Ency. Pl. and Pr., 621. But when a new cause of action is introduced, the statute runs against it to the time when it is filed. 1 Ency. Pl. and Pr., 622. And these principles have been laid down by our own Courts: *Nance* v. *Thompson,* 1 Sneed, 321; *Burgie* v. *Sparks,* 11 Lea, 84; *Crofford* v. *Cothran,* 2 Sneed, 492.

The difficulty is not in stating the rule, but in its application to the facts of each case, and in determining what introduces and constitutes a new cause of action, in the sense in which that term is used. It is evident that the term, "new cause of action," may refer to a new state of facts out of which liability arises, or it may refer to new parties, who are alleged to be entitled under the same state of facts, or it may embrace both features.

In *So. Car. R. R. Co.* v. *Nix, Admr.,* 68 Geo., 572, there was a suit in the Georgia Court under a statute of South Carolina, where the killing occurred, and the declaration failed to allege the existence of statutory beneficiaries. An

amendment to that effect was permitted, and it was held that it related back to the filing of the original declaration, and if the original action was not barred, the action, as made by the amendment, would not be. See page 581.

In *Huntingdon & Broad Top R. R. Co.* v. *Decker,* 84 Pa. St., 419, the suit was brought by the widow in the time limited, and before trial, but after the year, the declaration was amended by naming the children as jointly entitled to damages with her. It was held that the limitation had no application to the subsequent amendment of the declaration, but only to the bringing of the original suit.

In *Fort Worth & D. C. R. R. Co.* v. *Wilson,* 85 Texas, 516, it was held that when the evidence developed the fact that there were other relations entitled to share in the recovery, who were not joined, the proceedings must be arrested until the pleadings are so amended as to show that the suit is for the use of all the beneficiaries, citing *Railway* v. *Culberson,* 68 Texas, 667.

And in *Railway* v. *Spiker,* 59 Texas, 437, it was said that it was no answer to an objection made for the want of the necessary parties to reply that the claim of the unjoined beneficiary is barred by the statute of limitations.

In the case of *Railway* v. *Culberson,* 68 Texas, 667, referred to, *supra,* it was held that the

amendment of a complaint, so as to make a new party plaintiff, does not, as to the original plaintiffs, set up a new cause of action, and as to them, defendant cannot avail himself of the plea of the statute of limitations; but if the action was not originally brought by or for the benefit of the new party plaintiff, and he was not made a party until after the statutory limitation had run against him, the statute may be pleaded in bar of any recovery by him. Same case, 38 Am. and Eng. R. R. Cases, 225.

In *Conlin, Admrx.,* v. *The City Council of Charleston,* 15 Richardson, S. C., it was held that the declaration should show the existence of the statutory beneficiary, and that a failure to do so would be fatal on demurrer, but that such defect would be cured by verdict when the objection was not made on trial. A new trial was, however, granted in the case on other grounds, and leave was given the plaintiff to amend.

In the case of *Lilly* v. *R. R. Co.,* 32 S. C., 142, the allegation in the complaint was that plaintiff and ——, children of tender years, were solely dependent for a support and subsistence on the intestate, but it failed to state that they were his widow and children, or that the action was for their benefit, as such, under the statute. It was held that, by virtue of these omissions, the complaint failed to state facts sufficient to constitute a cause of action, and demurrer on

this ground was properly sustained. It was sought at the trial to amend so as to allege that the intestate left a widow and children, for whose benefit the action was brought. It was held by the Court that such amendment, because it would be alleging a cause of action, when none was stated before, would be giving a cause of action by the amendment when none was alleged in the complaint, and when none could exist at the time of the amendment, for the reason that the two years allowed within which to bring such action had elapsed. The Court said: "We think his Honor (the trial Judge) was right in holding that the amendment proposed would have entirely changed the nature of the action, and, therefore, not allowable."

In *A., K. & N. Ry.* v. *Hooper,* 92 Fed. Rep., 820, our own statutes were under consideration by the United States Circuit Court of Appeals of the Sixth Circuit, and it was held that it was necessary to the maintenance of the action that there should be persons in existence for whose benefit the right of recovery is given, and that they should be named in the declaration, and a suit in behalf of one beneficiary is a different suit from one in behalf of another, and an amendment of a declaration changing the beneficiary is, in effect, the beginning of a new suit, and is subject to a plea of limitation as such. In that case the suit was brought in the name

of Hooper, Admr. of Lebow, deceased, for the benefit of Mariah Lebow, the mother. The amendment, which was made, stated that the suit was brought by the administrator for the use and benefit of James Madison Lebow, the father of deceased, who died without bodily issue. The plea of the statute of limitations was set up to this amendment. This was, on motion in the lower Court, stricken out, upon the theory that the suit was, in the meaning of the statute, begun, when the summons issued and the amendment did not change the parties to or the nature of the action originally brought, or modify plaintiff's right of recovery, but only assigned a different reason why said right existed.

Referring to the decision of this Court, the Circuit Court of the United States held that there must be in existence persons for whose benefit the right of action is given, and that a declaration which did not set forth the person for whose benefit the suit is brought, is fatally defective, citing *Railway Co.* v. *Lilly,* 90 Tenn., 563; *Railway Co.* v. *Pitt,* 91 Tenn., 86.

The Court said:

"The next of kin, for whose benefit the suit is brought, are the real plaintiffs, and the administrator, though *"dominus litis,"* and a necessary party, in all cases where there is no widow or child of the deceased, is, nevertheless, but a nominal party, and a mere trustee." Citing *Webb*

24 p—8

---

---

v. *Ry. Co.,* 88 Tenn., 128; *Loague* v. *R. R. Co.,* 91 Tenn., 458; *R. R. Co.* v. *Bean,* 94 Tenn., 388.     .    .    .    .

Continuing, the Court said:

"The cause of action may, therefore, vary materially in the extent of the recovery, as it is brought for one or another beneficiary. The administrator, except when there · is a widow or child, must bring the suit, but his suit for one beneficiary is a different suit from a suit by him for another. To change the beneficiary, under the statute changes the suit, the amount of recovery, and states a new and different cause of action. In the light of this conclusion, the plea of the statute was good against the amendment when filed, and should have been sustained."

Coming to the consideration of our own cases, which bear upon the questions involved, we do not find the exact question raised or decided.

In *Railroad* v. *Pitt, Admr.,* 7 Pickle, 86, it is held that in an administrator's suit to recover damages, there must be an averment in the declaration that the deceased left a widow or children as next of kin, for whose benefit the suit is prosecuted.

The Court said:

"The right to maintain an action against one person for wrongfully causing the death of · another, is purely statutory—given for the benefit of the widow, children, or next of kin of the deceased.

The suit may be brought by the beneficiaries in their own right, or by the personal representative for their use and benefit. Citing *Webb* v. *Ry. Co.,* 4 Pickle, 119; *Greenlee* v. *R. R.,* 5 Lea, 418; *Trafford* v. *Ex. Co.,* 8 Lea, 100, page 91." Again: "The action, being maintainable alone under the statute, there can be no recovery, unless both the wrongful act and the existence of some beneficiary contemplated by the statute be proved, and to be allowable in proof, such facts must first be averred. The averment of the former will not justify proof of both. Page 92. Cases to the same result from other States are copiously cited. Pages 94 and 95."

The question in that case was raised by motion in arrest of judgment. Pending this motion, the plaintiff was allowed to amend his declaration by adding an averment that the deceased left a widow, for whose use and benefit the suit was brought, and then the motion was overruled, and that was assigned as error.

The Court said: "If the averment was necessary to plaintiff's right to maintain his action, the amendment came too late, and should not have been allowed. Only defects in matters of form may be rectified and amended after judgment." Citing Code, M. & V., Sec. 3583; *Cannon* v. *Phillips,* 2 Sneed, 186, page 91.

The Court reserved the question whether the

defect in the declaration was cured by the verdict or not.

In *Railroad* v. *Davis,* 20 Pickle, 442, it was held that a suit commenced by the widow, under our statutes, upon her death, pending the action, could not be maintained and revived and prosecuted in the name of her personal representative.

In *Holder* v. *Railroad,* 8 Pickle, 144, it was held that a widow might compromise and settle a suit brought in her own name, though children might be interested in the recovery. While in *Railroad* v. *Acuff,* 8 Pickle, 26, it was held that if the suit was brought by the administrator, on behalf of the widow and children, it could not be compromised by the widow alone, without the consent of the administrator or concurrence of the other beneficiaries.

In *Railroad* v. *Bean,* 10 Pickle, 388, it is held that a suit brought by the administrator for the sole benefit of the widow, there being no surviving children, abated on the death of the widow, occurring after judgment below, and pending appeal in this Court, that such suit could not be revived or prosecuted after the widow's death, for the benefit of the father of the deceased, or of others standing next in the line of succession. The logic of this case is that the party entitled to recover is the person who, under the statute, is entitled at the time of the killing, and if such party died after the right accrued,

Love *v.* Southern Railway Co.

but before suit, no action could be brought, but if after suit, then the action would abate, and could not be revived.

In *Whaley* v. *Catlett,* 19 Pickle, 348, it was held that the right of action, which survived for the benefit of the widow, children, or next of kin, was the right of the deceased, and not an independent right in favor of such widow, children, or next of kin, and hence if the action was not commenced within a year from the accrual of the cause of action, it would be barred by the statute, notwithstanding the minority of the beneficiary entitled.

In *Railroad* v. *Davis,* 20 Pickle, 442, it was held that when the action was brought by the widow in her own name, and the declaration was silent as to children, it was competent for plaintiff to prove the number, age, and sex of her children upon the question of damages; that the children are beneficiaries with the widow in such recovery. This is said to be so by virtue of the statutory provision, and the children were not necessary parties, evidently referring to Sections 4026-4027, Shannon's Compilation, and citing *Sample* v. *Smith,* 1 Shannon, 282; *Spiro* v. *Felton,* 73 Fed. Rep.; *Collins* v. *E. T., Va. & Ga. R. R.,* 9 Heis., 841.

In *Nashville, Chattanooga & St. Louis Ry.* v. *Foster,* 10 Lea, 351, it appeared that the intestate was killed April, 1876, and suit was brought on

the 15th of the same month. After a trial and verdict, which was by the Court set aside, the plaintiff, at the September term, 1877, amended his declaration, by leave of the Court, so as to aver that the killing occurred in Alabama, and that the right of action accrued under the laws of Alabama. The suit was by the administrator. To the amended declaration, among other things, there was a plea of the statute of limitations of one year. There was then trial and verdict for plaintiff for ten thousand dollars. It was held that the amendment neither changed the cause of action nor the parties to the suit, nor did it deprive the defendant of any defense which he had to the original suit, and the amendment related back to the issuance of the original summons, which was within one year after the killing. It was also alleged in the amended declaration that the death of the intestate was caused by defective machinery, or by the employment by defendant without proper care of unskillful agents. And it was insisted that the additional averment constituted a different cause of action, but the Court held that this evidently was only a statement of an additional means by which the same wrongful act, the killing of deceased, was accomplished. It will be noted that, until the amendment was made, the cause of action was treated as one arising out of the laws of Tennessee, and for a killing in Tennessee,

while after the amendment, it was prosecuted as a cause of action arising out of the laws of Alabama, and for a killing in that State. The Court, nevertheless, held that it was not a new cause of action.

In the case of *Flatley* v. *M. & C. R. R.,* 9 Heis., 830, the summons was issued in the name of Mary Flatley, widow, etc., for the use of herself and John Flatley and Edward T. Flatley. After the expiration of a year from the period when the statute of limitations had begun to operate under the Constitution of 1865, E. A. Flatley, as administrator of Wm. Flatley, for the use of Mary Flatley, the widow, and the children of Wm. Flatley, deceased, was made the party plaintiff, and declaration was thereupon filed. The defendant pleaded the general issue, but at a subsequent time obtained leave to file a plea of the statute of limitations of one year, in which it was averred that the cause of action accrued more than one year before the amendment was asked for and obtained, which made E. A. Flatley, as administrator, a party. This plea was demurred to, and demurrer overruled, and on trial there was judgment for the defendant. It was held by the Court that (as the law then existed) there was no right of action in the widow, and that the suit, as originally brought by her, could not be maintained, and could only, under the statutes

then existing, be maintained in the name of the personal representative.

Upon the feature of amendment, the Court held that the defendant, being in Court for a particular cause of action, it would not require the expense and delay incident to new process. The question is then considered whether the amendment related back to the issuance of the original summons, and it was said that the doctrine of relation was a legal fiction, and would not be applied so as to affect the rights of other parties. The cases of *Nance, Lessee,* v. *Thompson,* 1 Sneed, 325, and *Crofford* v. *Cothran & Neil,* 2 Sneed, 492, are cited and commented upon. The Court came to the conclusion that, previous to the amendment, no suit had been brought for this cause of action that could be maintained, and the defense of the statute was complete. The Court had the power to allow a new plaintiff to be substituted by amendment, rather than compel the plaintiff to resort to the expense and delay of another summons, but in doing this, the fiction of relation back to the original summons should not be allowed to defeat the defense of the statute of limitations, which had in the meantime become complete and perfect.

The Court is of opinion that, while the authorities in the different States are not harmonious upon the principle involved, under our statutes, the trial Judge was in error in refusing

the amendment proposed on the ground that the action, as amended, was barred by the statute of limitations.

Shannon, Sec. 4520, is as follows:

"The summons from the Court of record may be in substance, as follows:

STATE OF TENNESSEE, $\Big\}$
    ............ COUNTY.

*To the Sheriff of* ................*County:*

You are hereby commanded to summon A. B. to appear at the next term of the ........... Court, to be held for said County at the Courthouse thereof on the ......day of ............, then and there to answer C. D. in an action to his damage .........dollars.

Witness my hand, this ..... day of ............

                                                E. F., *Clerk.*

Section 4521.

The cause of action in the summons may be stated briefly in general terms.

This form of summons has generally been treated as sufficient for all purposes and cases, whether of tort or contract. By Section 4521, it is provided the cause of action may be briefly stated in the summons. This has been generally understood to mean that the cause of action may be stated, but it is not required to be, and it is sufficient, if the cause of action is stated in the declaration. The office of the summons is merely to bring the defendants into Court; that of the declaration is to acquaint him with the cause of action and the charge which he is to defend.

This Court has said, approving Freeman on Judgments, Section 241:

"Every cause of action in tort consists of two parts, to wit: the unlawful act, and all damages that can arise out of it. For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained. *Railroad* v. *Brigman*, 11 Pickle, 624, 628.

If we give it a more enlarged meaning, and hold that it embraces not only the unlawful act, and all damages that can arise out of it, but also the parties who are entitled to maintain it, we think that this means that only the parties legally authorized to bring the suit need be named in the summons, leaving the declaration to state those who will be beneficially entitled to receive the money. Under our statute, the administrator is a party legally authorized to bring the suit, if not brought by the widow, while the persons named in the statute as widow, children, or next of kin, are the parties beneficially entitled to receive the proceeds. It is, in any event, the right of action of the deceased, and not that of the beneficiaries. It is sufficient, therefore, if the summons issue in the name of the administrator, as the party legally authorized to sue, provided it is alleged in the declaration, and shown in the proof, that there are statutory beneficiaries. This being so, we come to the question of amending the declaration in this case. We are of opinion that the original declaration, which was

filed, was a nullity, so long as it failed to aver statutory beneficiaries, and to designate them in any way. The defendant might, therefore, have forced the plaintiff to proceed to file his declaration, or have demanded judgment for failure to prosecute the suit, if he chose to do so. But it did not, and the plaintiff, before any objection on this ground, offered to file a declaration, which did state a cause of action and parties entitled. We are of opinion the action was commenced by the filing of the original summons, so as to arrest the running of the statute of limitations. The filing of the declaration then was based upon it, and related back to it. Hence, the amendment should have been allowed, and the defense of the statute of limitations was not good.

The case of *Flatley, Admr.,* v. *M. & C. R. R.,* 9 Heis., 230, is more nearly opposed to this view than any other case we have been able to find in our books, and we think that case clearly distinguishable from the present in that, in the 9th Heiskell case, the summons issued in the name of the widow. At that time there was no legal authority for a summons in the name of the widow. The summons was, therefore, a nullity, and stated no cause of action authorized by law, and no party authorized by law to sue, and hence was not the commencement of an action. The amendment sought to bring the action in the name of the administrator, and virtually

to insert his name in the summons. As thus amended, the action was maintainable for the first time. In the meantime the statute had run and barred the cause, or right of action.

In the present case the summons issues in the name of the administrator, and that was proper under the statute, and, being so brought, it was the commencement of an action. The action was defective, however, and could have been dismissed, and, no recovery could have been had thereon until the declaration stated beneficiaries and designated them. The amendment did not change the party legally entitled to recover—that still was the administrator. It only stated the parties to whom the administrator should pay the recovery. It was not, therefore, a new cause of action, nor introducing new parties in the sense that the action was then commenced for them the first time, and the statute of limitations was not a defense.

The case of *Lilly* v. *R. R. Co.*, 32 S. C., 142, is an extreme case, and somewhat technical, as we think, in its holding. In that case the real beneficiaries were set out by their full names, but their relation to the deceased was not stated. In other words, the widow and children of the deceased were designated by name, but it was not stated that they were the widow and children of the deceased, though it was stated that they were wholly dependent on the deceased

for their support and maintenance; at most, this was but a technically defective statement, which, under our liberal rule of amendments, could and would have been allowed to be corrected.

It is not necessary to comment upon the case of *A., K. & N.* v. *Hooper,* 92 Fed. Rep., 820, as that case is passed upon at the same time with this.

The case of *Whaley* v. *Catlett,* 19 Pickle, 348, is in principle conclusive of the matters in controversy in this. In that case, it was held that the cause of action which survived to the widow and children, or next of kin, was not a new substantive, independent cause of action in them, and that they do not recover in their right, but only in the right of the deceased. When, therefore, the action is brought by the representative of the deceased, although it is for the benefit of the widow, children, or next of kin, it is not in their right, but is in the right of the deceased, and is but a continuation of that right or cause of action. This being so, the suing out of the summons in this case in the name of the administrator, was the commencement of an action, and the naming of the parties beneficially entitled was not the introduction and commencement of a new right or cause of action, so that the bar of the statute might be interposed, but it was in law the deceased's right of action, with

the names of the beneficiaries entitled set out by the amendment.

The judgment of the Court below is reversed and the cause remanded, to the end that the proposed amendment may be made and the cause further proceeded with. The appellee will pay costs of appeal.

Chief Justice Snodgrass dissents.