Mrs. Sadie Throgmorton *et al v.* Rose Oliver *et al.**

*(Jackson,* April Term, 1921.)

1. DEATH. Widow not entitled to whole amount recovered for husband's death.

Under Code 1858, sections 2291-2293 (Thomp.-Shan. Code, sections 4025. 4028), the widow was not entitled to the whole of the fund received by her as administratrix from the tort-feasor on account of her husband's death, but such fund went to her and the children in equal parts. (*Post, p.* 289.)

Acts cited and construed: Acts 1851-52, ch. 17; Acts 1871, ch. 78.

Case cited and approved: Railroad v. Davis, 104 Tenn., 442.

Cases cited and distinguished: Collins v. E. T.. V. & G. R. Co.,56 Tenn., 841; Trafford v. Adams Express Co., 76 Tenn., 96; Sample v. Smith, 1 Shannon's Cas.. 284.

Codes cited and construed: Sec. 4025 (T.-S.); Sec. 2293 (S.); Secs. 4025. 4028 (T. S.); Sec. 2293 (1858).

2. EXECUTORS AND ADMINISTRATORS. Damages for husband's death not subject to widow's year's allowance.

Fund received by widow as administratrix from tort-feasor on account of husband's death, under Code 1858, sections 2291-2283 (Thomp.-Shan. Code, sections 4025, 4028), was not subject to her year's allowance; only the assets of a deceased husband going into the hands of the administratrix or executor subject to the payment of debts being open to diminution by such allowance. (*Post, p.* 289.)

Cases cited and approved: Agee v. Saunders. 127 Tenn., 680; Combs v. Combs. 131 Tenn., 66; Haynes v. Walker, 111 Tenn.. 107.

Code cited and construed: Sec. 4028 (T.-S.).

*In widow's right to years support or allowance out of fund recovered for the negligent killing of husband, see note in 42 L. R. A. (N. S.), 725.

Throgmorton v. Oliver.

3. **STIPULATIONS.** Counsel after agreement to submit case without proof cannot say chancellor improperly disposed of it on record.

Where the case was submitted to the chancellor without proof by the agreement of counsel, after making such a stipulation counsel are not in a position to say the chancellor improperly disposed of the case on the record submitted to him, and to insist on a rehearing in order to submit proof. (*Post, pp.* 289-290.)

4. **EQUITY.** Question of granting rehearing within discretion of chancellor.

The question of granting plaintiff a rehearing to permit her to show that she invested all the money received by her on account of her husband's death in a farm and its equipment, title to which she took to herself for life, with remainder to the children, was within the discretion of the chancellor in her suit wherein her second husband joined to recover part of the proceeds of settlement for her husband's death paid over the to the guardian of the children. (*Post, pp.* 289-290.)

5. **PARENT AND CHILD.** Support not chargeable against children's interest in recovery for father's death,

Expenses incurred by a widow in supporting her children cannot be charged against the children's interest in recovery obtained by the widow on account of her husband's death. (*Post, p.* 290.)

Case cited and approved: Hollingsworth v. Beaver, 59 S. W., 464,

---

FROM HENRY.

---

Appeal from the Chancery Court of Henry County.— Hon. J. W. Ross, Judge.

LYTTON TAYLOR and G. L. FRYER, for plaintiff.

FITZHUGH & RYE, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

A. W. Oliver met his death in an accident in November, 1917, under circumstances which rendered the Louisville & Nashville Railroad Company and others liable to his statutory beneficiaries. His widow qualified as administratrix of her husband's estate and made a compromise with the railroad company and others liable, whereby they paid her $7,500 on account of her husband's death. The deceased also left three children surviving him.

The widow made a settlement with the county court in which she was allowed to retain certain expenses, and $2,000 of this fund was set apart to her as her year's allowance. Of the remainder of the fund she retained one-fourth and paid over three-fourths to the guardian who had been appointed for the minor children.

Subsequently the widow married one Throgmorton. Joined by her husband, she filed a bill in this case alleging that she was entitled to the whole of the amount received by her in settlement of the claim arising out of her husband's death, and seeking to recover from the guardian of the children the amount paid over to him on their account.

The guardian answered and filed a cross-bill. He denied that the widow was entitled to recover any of the money turned over to him for the children, and he further charged that she had unlawfully retained out of said

fund the expenses above mentioned and the $2,000 allow-
ed her for a year's support, and he sought to recover
by his cross-bill these sums of money from the mother
and the sureties on her bond as administratrix. The
mother and her sureties filed a demurrer to this cross-
bill, which was overruled, and they then filed answers.
There was no controversy about the facts, and the case
was heard by agreement on the pleading without proof.
The chancellor dismissed the original bill and gave a
decree on the cross-bill against the mother and the sure-
ties on her bond as administratrix for three-fourths of
the $2,000 she had received as her year's allowance. He
gave no further relief under the cross-bill.

From this decree the mother alone has appealed. The
sureties on her bond as administratrix did not appeal
nor did the guardian of her children.

The mother insists in this court that she was entitled
under our statutes to the whole of the fund received on
account of her first husband's death, and relies on sec-
tion 4025 Thompson's-Shannon's Code, which is as fol-
lows:

"The right of action which a person who dies from
injuries received from another, or whose death is caused
by the wrongful act, omission, or killing by another,
would have had against the wrongdoer in case death had
not ensued, shall not abate or be extinguished by his
death, but shall pass to his widow, and, in case there
is no widow, to his children or to his personal represen-
tative, for the benefit of his widow or next of kin, free
from the claims of creditors."

It is contended under the language of this act that the
recovery in such cases goes to the widow alone, and that

the children have an interest only "in case there is no widow."

The manner in which our various statutes have been codified lends plausibility to this argument. An examination of the statutes separately, however, shows the fallacy of the contention.

Chapter 17 of the Acts of 1851-52 provides the right of action here under consideration. This act was carried into the Code of 1858 as follows:

"2291. The right of action, which a person who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death; but shall pass to his personal representative for the benefit of his widow and next of kin, free from the claims of his creditors.

"2292. The action may be instituted by the personal representative of the deceased; but if he decline it, the widow and children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not in such case be responsible for costs, unless he sign his name to the prosecution bond.

"2293. If the deceased had commenced an action before his death, it shall proceed without a reviver. The damages shall go to the widow and next of kin, free from the claims of the creditors of the deceased, to be distributed as personal property."

Under the original act such a suit had to be brought in the name of the personal representative of the deceased.

By chapter 78 of the Acts of 1871, section 2292 of the Code was amended so as "to allow the widow, or if there be no widow, the children, to prosecute suit, and that this remedy is provided in addition to that now allowed by law in the class of cases provided for by . . . section 2291 of the Code, which this act is intended to amend."

The act of 1871 was first considered by this court in *Collins* v. *E. T., V. & G. R. Co.,* 56 Tenn. (9 Hesk.), 841. In that case it was insisted, the suit being brought by the widow, that there could be no recovery for the damages suffered by the children on account of the loss of their father. The court, however, said:

"It will be seen from section 2293 of the Code, above cited, that the law itself gives direction to the recovery in such cases. The widow and the children are the bene-ficiaries of the action, and this section stands unrepealed and unaffected by any subsequent legislation. The re-covery in this case, there being several children, inures to the benefit of the widow and the children, 'to be dis-tributed as personal property,' in the language of the statute. The courts will see to the disposition of the recov-ery. We have held at the present term, in the case of *Sample* v. *Smith,* that when the action is brought under the Code, in the name of the administrator, by the widow, the children are not necessary parties to the action; and we can see no reason for varying the rule in a case like this. In any case where there are children, and the action is brought by the widow or the administrator, the law it-self disposed of the recovery to the use and benefit of the widow and children. We see no error in the charge on this subject." *Collins* v. *E. T. V. & G. R. Co., supra..*

In *Trafford* v. *Adams Express Co.,* 76 Tenn. (8 Lea), 96, the court said:

"The object of the act of 1871 seems to have been to confer upon the widow, and, if no widow, upon the children of the deceased, the right to sue in their own names respectively, in addition to the right previously given to the personal representative. In other words, the act regulates the mode of bringing the suit, without altering the grounds of the action or the interest of the beneficiaries in the recovery." *Trafford* v. *Adams Express Co., supra*

In *Railroad* v. *Davis,* 104 Tenn., 442, 58 S. W., 296, it is reiterated that the widow and children are beneficiaries of the action. Proof of the damages sustained by the children is competent, although the widow sues for herself alone.

In *Sample* v. *Smith,* 1 Shannon's Cas., 284, referring to Code, section 2293 (Thompson's-Shannon's Code, section 4028), it is said:

"The law determines who are to be entitled to the benefit of the recovery."

It is plain, therefore, under our cases, that section 4025 of Thompson's Shannon's Code relates alone to the manner of bringing suit—to the right of action. It does not control the disposition of the recovery. Section 2293 of the Code of 1858, being section, 4028, Thompson's Shannon's Code, prescribed the beneficiaries of such statutory action, and this section of the Code was not affected by chapter 78 of the Acts of 1871. Under section 4028, Thompson's-Shannon's Code, it is provided;

"The damages shall go to the widow and next of kin, free from the claims of the creditors of the deceased to be distributed as personal property."

It follows, therefore, that the widow was not entitled to the whole of the fund received by her on account of her husband's death, but such fund went to her and the children in equal parts.

It is also true that the fund so received by the widow was not subject to her year's allowance. It is well settled by our cases that the assets of a deceased husband out of which the year's allowance may be set apart are only such assets as go into the hands of the administrator or executor subject to the payment of debts. *Agee* v. *Saunders,* 127 Tenn., 680, 157 S. W., 64, 46 L. R. A. (N. S.), 788; *Combs* v. *Combs,* 131 Tenn., 66, 173 S. W., 441.

Section 4028, Thompson's-Shannon's Code, alone controls the distribution of a fund realized in settlement of a claim for death by wrongful act. *Haynes* v. *Walker,* 111 Tenn., 107, 76 S. W., 902.

It is insisted for the widow that the chancellor should have allowed her petition for a rehearing and have permitted her to show that she invested all the money received by her on account of her husband's death in a farm and its equipment, the title to which she took to herself for life with remainder to the children. It is urged that this is the best arrangement she could have made for her children, and that she should have been permitted to prove as much and have had her action in the premises ratified by the court.

The case was submitted to the chancellor without proof by the agreement of counsel. After making such

144 Tenn.—19

a stipulation counsel are not in position to say that the chancellor improperly disposed of the case on the record submitted to him. That would be experimenting with the court. The question of granting the rehearing was certainly within the discretion of the chancellor.

So far as the expenses incurred by the mother in supporting the children are concerned, it has been expressly held in this State that such expenses cannot be charged against the children's interest in a recovery of this sort obtained by the mother for her husband's death. *Hollingsworth et al.* v. *Beaver,* (Tenn. Ch. App.), 59 S. W., 464, affirmed by this court.

Some assignments of error are made on behalf of the sureties upon the bond given by the mother as administratrix. These sureties, however, did not appeal, and we cannot consider such assignments.

There is no error in the decree of the chancellor, and it is affirmed, with costs.