NETTIE POWELL AND MAGGIE SMITH *v.* BELLE BLAKE.

Opinion filed November 28, 1930.

G. W. Chamlee and G. W. Chamlee, Jr., for complainants, appellants.

Nipper & McCalla, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

This cause was heard by the chancellor on bill and answer. The decree sustained the defendant's plea of the statutes of limitations set up in the answer to the original bill, and on that ground dismissed the bill. The complainants have prosecuted a general appeal to this court.

The complainants are two of the four surviving children of W. W. Hardy, deceased. The defendant is his widow. The widow prosecuted a suit in her own name to recover damages for the wrongful death of Hardy, and obtained a compromise judgment for $1500 damages, paid to her on April 11, 1921. Of this amount her attorneys retained $500 as their compensation, making a net recovery of $1,000. From the averments of the answer, which must be accepted as true, upon a hearing on bill and answer, it appears that out of this amount the defendant paid debts and funeral expenses of her deceased husband, and claimed the right to appropriate the balance, $645, to her own use as a year's support. There were no other assets of the estate of Hardy.

The theory of the bill is that the defendant received the net proceeds of the judgment for the benefit of herself and the surviving children of the deceased; that the fund was charged with a trust in the hands of the defendant, and that in appropriating the entire sum to her own use and refusing to make any division thereof, the defendant was guilty of a breach of trust. The bill avers that the defendant used the fund in the purchase and improvement of certain real estate belonging to the defendant at the time the suit was filed, described in the bill; the prayer of the bill seeks a judgment for $200 in favor of each of complainants as her *pro rata* share of

the fund; and asks that a lien for such recovery be declared upon the property described.

The original bill was filed on November 23, 1926, which was more than five years and less than six years from the date of the compromise judgment in the damage suit; and therefore less than six years from the date the cause of action of the complainants accrued.

The material inquiry on this appeal is, therefore, whether the statute of limitations of three years, or the statute of six years, applies to the cause of action asserted in the bill.

In *Jackson* v. *Dobbs*, 154 Tenn., 602, a similar cause of action was prosecuted more than six years after it had accrued. This court held that the widow, receiving such a fund, takes it for the benefit of herself and the children of her husband, holding the fund as trustee for the children; that such a trust being neither technical nor continuing, is enforcible at law and that "the statute of limitation of three or six years applies" to the suit of a child for his share of the fund. In that case the court did not indicate which of the two statutes referred to operated to bar the suit of the child, since it was not brought until more than six years after the cause of action had accrued, the question being reserved in the following language: "The defendant has appealed and insists that the decree is erroneous, and that her plea of the statute of limitations of three or six years should have been sustained, depending upon whether the action be treated as one in tort, or one for the breach of a contract, a question not necessary to decide here since the suit was commenced more than six years after the accrual of the cause of action."

From the fact that the fund in question was received by the defendant as trustee, the law implies a contract on her part that she would distribute the fund to those entitled by law. If the action of the beneficiary can be said to be sounded upon this implied contractual obligation, the applicable statute of limitation is clearly section 4472 of Shannon's Code (all editions), which permits the institution of actions on contracts within six years after accrual. This is rather definitely intimated by the court, although not decided, in *Jackson* v. *Dobbs, supra,* by the language:

"Here, we have a suit, based upon an implied contract, enforcible at law, in which the complainant waited more than six years, after attaining his majority, to institute his suit."

The averments of the bill in the cause now before us characterize it as a suit grounded upon the breach of the implied contract to distribute the funds as required by law. The bill avers that the defendant "appropriated the money to her own use and refused to make any division of the same, or any settlement thereof among the children of W. W. Hardy, deceased." By proper averment the bill then seeks to follow the share of the complainants in this fund into real estate purchased by the defendant, and to claim a lien thereon as an aid to the enforcement of the obligation of the defendant. Upon such facts and averments it would be difficult to frame a bill which could be said to be an action for tort, as for the wrongful detention or conversion of property, within the application of the three-year statute. If such a tort was committed by the defendant in this cause, we think the bill falls within the application of those cases which hold that such a tort may be waived and an action

prosecuted upon the implied contract, to which only the six-year statute of limitation can be applied. *Bank* v. *Haller,* 101 Tenn., 83; *Wallace* v. *Lincoln Savings Bank,* 89 Tenn., 630, 650-651; *Huffman* v. *Hughlett & Pyatt,* 79 Tenn., 549, 554; *Railroad* v. *Neal,* 79 Tenn., 270; *Mc-Combs* v. *Guild,* 77 Tenn., 81; *Bruce* v. *Baxter,* 75 Tenn., 478; *Ramsey* v. *Temple,* 71 Tenn., 253.

We conclude therefore that the suit of the complainants, having been brought within six years from the accrual of their cause of action, was not barred by any of the statutes of limitations pleaded, and that the decree of the chancellor so ruling should be reversed.

█ The answer admits that the defendant received the net fund of $1,000 in satisfaction of the judgment she had obtained for the wrongful death of her husband, and that the complainants are two of the four children of her husband. The statute directs the disposition of the fund "to the widow and next of kin, free from the claims of the creditors of the deceased, to be distributed as personal property." Shannon's Code, section 4028. By the terms of this statute each of the children of defendant's husband was entitled to one-fifth of the net proceeds of the judgment, and defendant could not rightfully appropriate their portion of the fund to the payment of the debts of the deceased or to her own demands in the estate of her husband as his surviving widow. *Throgmorton* v. *Oliver,* 144 Tenn., 282.

Upon the facts admitted in the answer each of the complainants is entitled to a decree for one-fifth of the net fund received by the defendant, which is $200, with interest from April 12, 1921. Decree will be entered here accordingly, including decree for costs.