JOHNSON *v.* MORGAN *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed January 11, 1947.

T. J. DAVIS and JOE FRASSRAND, both of Chattanooga, for A. J. Johnson.

FRAZIER & ROBERTS, of Chattanooga, for Morgan & Whitfield.

WAGNER & WAGNER and HOWARD J. SEARS, both of Chattanooga, for Lillian Johnson and Wm. I. Lockhart.

MR. SPECIAL JUSTICE NORMAN FARRELL delivered the opinion of the Court.*

This is an appeal from the decree of the Chancery Court of Sequatchie County dissolving an injunction previously granted and dismissing the present bill for want of equity on its face.

The allegations of the bill were, in substance, as follows:

That Radis Johnson, after forty-one months army service overseas, and a few months after his discharge, was killed by the alleged negligence of a bus company; that his widow, Lillian Johnson, one of the appellees, thereafter instituted a suit against the bus company to recover damages for his alleged wrongful killing.

Thereafter, the present suit was instituted by the father of the deceased, who had qualified as his son's administrator, seeking to enjoin the widow from further proceeding in said damage suit and praying that it be held in the present suit that he (the father), as administrator, was the proper party to prosecute said death case and that "the Court declare and decree that if Lillian Johnson is the widow of Radis Johnson, that she forfeited any rights as his widow by her adulterous conduct" while her husband was overseas, and which conduct it was alleged the deceased had not condoned.

The bill further alleged that the young couple had no children and that the deceased left no next of kin except his father and mother, who, it was claimed, inherited his

---

*Sitting for Chief Justice Green.

estate by reason of the alleged misconduct of the widow.

The injunction prayed for was granted, whereupon the widow moved to dissolve the injunction and dismiss the bill for want of equity on its face. This motion was granted, from which the present appeal was prayed.

Learned counsel for appellant states in his brief that the question presented is whether the wife, on the facts stated, is barred from her right to collect damages for her husband's wrongful killing. Learned counsel for appellant further states that this question has heretofore not been directly before this Court.

We think, however, that this question is foreclosed by previous decisions in this state. *Koontz* v. *Fleming,* 17 Tenn. App. 1, 65 S. W. (2d) 82 (*certiorari* denied by this Court); *Heggie* v. *Barley,* 5 Tenn. Civ. App. 78, and by the logic of the decision in *Swift* v. *Reasonover,* 168 Tenn. 305, 77 S. W. (2d) 809. In *Koontz* v. *Fleming, supra* [17 Tenn. App. 1, 65 S. W. (2d) 824], the Court said:

"We do not believe that because the widow has been indiscreet or has committed a crime, her right as a widow and her children's rights should be affected so far as her or their right of action in this case is concerned."

In *Heggie* v. *Barley* it was declared:

"Our statutes providing for recoveries for personal injuries negligently inflicted resulting in deaths, and designating for whose benefit such recoveries may be had are clearly in the nature of statutes providing for the descent and distributing of estates, and we are of opinion that the Courts can no more inquire into the worthiness or unworthiness of such beneficiaries in such personal injury cases than they can inquire into the worthiness or unworthiness of those who are designated as beneficiaries of the estates of decedents, and that the Courts cannot deny

relief because of unworthiness in either case unless authorized so to do by some statute."

In *Swift* v. *Reasonover*, above, the Court distinguished between homestead and dower, holding that homestead might be lost by wrongful abandonment and neglect of the husband by the wife, but that as to dower it was an estate in land fixed by marriage and by the husband's death and is not waived by the wife's misconduct or abandonment of her husband.

 Section 8236 of the Code is in the nature of statutes providing for the descent and distribution of estates and the character of the beneficiaries under such statutes is not material.

The holdings of our cases seem to be in accord with the decisions construing similar. statutes in other states. *Cole* v. *Mayne*, C. C., 122 F. 836; *Napier's Adm'r* v. *Napier's Adm'r*, 210 Ky. 163, 275 S. W. 379.

It results that the action of the Chancellor is affirmed and costs of the appeal will be taxed against A. J. Johnson, as administrator, and the costs below as fixed by the lower Court.