MEMPHIS STREET RAILWAY COMPANY

*v.*

LEROY COOPER and THOMAS COOPER, Administrators of
the Estate of Robert Cooper, Deceased.

(*Jackson,* April Term, 1957.)

Opinion filed February 6, 1958.

Rehearing Denied April 9, 1958.

Emmett W. Braden and Thomas R. Prewitt, Memphis, for petitioners.

William H. Douglas, Vincent W. Vorder Brugge, and Lucius E. Burch, Jr., Memphis, for respondents.

Mr. Justice Burnett delivered the opinion of the Court.

A suit was originally brought by Rosie Lee Cooper, the then administratrix of the estate of Robert Cooper,

deceased, against the Railway Company for negligently killing Robert Cooper. It was alleged in the declaration that Rosie Lee Cooper was the widow of Robert Cooper, deceased, and that the action was brought for the benefit of herself and their minor children. The case was tried to a jury on this theory, Rosie Lee Cooper stating that she was the widow and the five children who were present in court were his children. It was also shown in that lawsuit that Robert Cooper had left, in addition to them, two brothers, Leroy Cooper and Thomas Cooper.

In this automobile accident the father of Robert Cooper was also killed. At the time that this lawsuit was pending and before it was brought Leroy and Thomas Cooper likewise had a claim for the death of their father. The Railway Company had investigated these matters. The present suit was brought, as said above, by Rosie Lee Cooper who qualified as administratrix. This suit resulted in a judgment in favor of Rosie Lee Cooper as administratrix for $9,400 for the death of Robert Cooper plus a recovery of $500 for property damage, that is, damage to the car of Robert Cooper.

In the motion for a new trial the seventh ground alleged newly discovered evidence. Under this ground of the motion various affidavits were offered which were treated as evidence, the parties agreeing that if the affiants were called they would testify to the same effect as the affidavits. After hearing the argument on this motion for new trial the trial judge sustained this seventh ground, that is, that of newly discovered evidence.

This newly discovered evidence was that Rosie Lee Cooper was not the widow of Robert Cooper, deceased, and these children were not his children. These were the

children of a man by the name of Norman whom she had married in Mississippi in 1937. It is true that for a number of years she had been living in Memphis with Robert Cooper as his common-law wife.

So on this theory, that she was not the widow and these were not the children, as alleged in this declaration, of Robert Cooper, deceased, and on it alone, the trial judge granted a new trial and set aside the verdict. In granting the new trial and setting aside the verdict the trial judge said:

> "The Court: Now, on the theory on which this lawsuit was tried, that is, that this plaintiff, Rosie Lee Cooper, was the wife of the deceased, and that she was the mother and the deceased Robert Cooper was the father of these five children, I would approve the verdict, if they be the true facts. And on the theory on which it was tried I approve the verdict so far as it bases liability and on the defense of the Memphis Street Railway Company. But I have got to grant a new trial on account of the new evidence here."

Thus after this judgment was set aside the trial court reached the conclusion under the proof heard on the motion for new trial that Rosie Lee Cooper was not the widow and these were not the children. Then the Probate Court withdrew her letters of administration and qualified the two brothers of Robert Cooper. These brothers then brought suit for the death of Robert Cooper, deceased, and this suit resulted in a verdict for the defendant.

On appeal to the Court of Appeals, that Court in a very exhaustive opinion covering every phase of all questions from Alpha to Omega reversed the trial court and held

that whether or not Rosie Lee Cooper was the widow of Robert Cooper was in no sense material or relevant to any issue in the case, and thus since the trial judge had approved the verdict as to the amount and negligence, etc., they reinstated the judgment of the first trial.

The burden of the petition for *certiorari* is that the jury was made to believe that this dead man left a widow and left these children and, that if they had not believed that, they would not have returned a verdict in favor of the plaintiff. It is argued that this is shown to be true by the fact that another jury returned a verdict in favor of the defendant, when the two brothers brought suit. This is beside the question.

The basis for the Court of Appeals conclusion was that since the jury had been correctly charged as to the measure of damages which was the pecuniary value of the life of the deceased, *Love v. Southern Railway Co.*, 108 Tenn. 104, 65 S.W. 475, 55 L.R.A. 471, and others; that the action which survived was not a new action in the widow and children or the heirs, but they could only recover for the pecuniary value of the life of the deceased and they only had the same rights that he had regardless of who the widow and children were; and that under various holdings of this Court and the Court of Appeals these rights had been upheld regardless of the fact that the parties were separated at the time or had been unfaithful to his spouse, etc. (*Johnson v. Morgan*, 184 Tenn. 254, 198 S.W. 2d 549) ; and even if they were wrong on this theory it was their conclusion that:

"It seems apparent from the record of this cause, that the defendant, through its counsel and claim agents, had knowledge of facts which put it on notice

of the very facts and circumstances upon which they now rely as constituting newly discovered evidence, and yet failed to follow up such notice with inquiries to ascertain the facts. In other words, they elected to speculate as to the outcome of the lawsuit, without developing this line of evidence, and did not follow up with inquiries until after the jury's adverse verdict had been returned. In that situation, we think that a new trial should have been denied, even if the 'so-called newly discovered evidence' might, otherwise have entitled the defendants to a new trial.''

■ Following this reasoning the Court of Appeals cited as its authority the rule as clearly set forth in *Ross v. State,* 180 Tenn. 387, 170 S.W. 1026, and that line of cases. We think, after hearing argument and thoroughly considering this record that the Court of Appeals is eminently correct in this conclusion, that is, that under the rules of the Ross case and others this newly discovered evidence should not have been considered for the reasons as stated by the Court of Appeals, *supra.*

After reading and re-reading the record and briefs and authorities therein cited and others, in this case, we have concluded that there is no escape from the final conclusions reached herein by the Court of Appeals, namely, that the verdict of the first trial must be reinstated.

■ We have reached this conclusion because in the first instance the right of action herein was that of the dead man and the right which he would have possessed if he had lived and the recovery is in his right, not in the right of the widow or children or brothers. *Sharp v. Cincinnati N. O. & T. P. Ry. Co.,* 133 Tenn. 1, 179 S.W. 375, Ann.Cas.1917C, 1212; *Oman v. Delius,* 162 Tenn. 192, 35

S.W. 2d 570. This right of action is statutory (Sections 20-607, 20-608, 20-609, T.C.A.), so that both the action and the procedure for distribution of the proceeds of any recovery rests on the statute. *Black v. Roberts,* 172 Tenn. 20, 108 S.W. 2d 1097.

A suit of the kind here involved must be treated as if the injured party had brought it. *Whaley v. Catlett,* 103 Tenn. 347, 53 S.W. 131. In such a suit brought under the statutes here in effect (Sections 20-607, 608, 609, T.C.A.), the administrator is without any pecuniary interest and the recovery, if any, passes to the statutory beneficiary free from the claims of creditors of the estate. The statutory beneficiary is the real party in interest. *Whitson v. Tennessee Central Ry. Co.,* 163 Tenn. 35, 40 S.W. 2d 396.

Neither the claim nor the recovery under this situation here becomes a part of the estate of deceased and the personal representative as such has no interest in recovery but is only a medium for enforcing the rights of others. *Cummings v. Woody,* 177 Tenn. 636, 152 S.W. 2d 246. The one who sues as administrator and recovers damages for the wrongful death of the decedent holds this recovery as a trustee for the real beneficiaries under the statute, and must account to them, whoever they may be, for the proceeds of the judgment. *Throgmorton v. Oliver,* 144 Tenn. 282, 230 S.W. 967; *Powell v. Blake,* 161 Tenn. 516, 33 S.W. 2d 78, and *Tennessee Cent. Railroad Co. v. Brown,* 125 Tenn. 351, 143 S.W. 1129.

Thus it is seen by our authorities, which are absolutely uniform in this State up to the present time, that the recovery for the death of Cooper is not based on whether he left a widow and children or what-not, but

is based upon the pecuniary value of the life of the man himself. Which is to be,

> "* * * determined upon a consideration of his expectancy of life, his age, condition of health and strength, capacity for labor, and for earning money through skill in any art, trade, profession, occupation or business, and his personal habits as to sobriety and industry." *Davidson Benedict Co. v. Severson,* 109 Tenn. 572, 72 S.W. 967.

And another reason of why it does not make any difference as to who brought this suit and qualified as administratrix, the mere fact that she was or was not his wife or that she was his wife living in adultery with another or that she had committed any one of the heinous crimes in the books, this makes no difference as to the amount of damages recovered or as to the recovery because this is not what the recovery is based on. See *Johnson v. Morgan,* 184 Tenn. 254, 198 S.W. 2d 549, wherein a number of reported cases on a related subject are analyzed and quoted from copiously.

The argument obviously is made on behalf of the petitioners that since Rosie Lee Cooper was not the widow and these were not his children that this influenced the verdict of the jury—it being shown that they were. The idea of proving or showing in a cause of action of the kind, the existence of a widow, children or other next of kin of deceased is not for the purpose of increasing the damages, but only to show the existence of the beneficiaries provided for in the statute. *Collins v. East Tennessee Virginia & Georgia R. Co.,* 56 Tenn. 841; *Davidson Benedict Co. v. Severson, supra,* and others. Where the existence of these relatives who are entitled to share in

the damages under the statute are not averred in the declaration or not proven in the original action they may be shown later. *Collins v. East Tennessee Virginia & Georgia R. Co., supra.* It was said in *Tennessee Cent. Railroad Co. v. Brown, supra* [125 Tenn. 351, 143 S.W. 1131];

"Nor is there anything in the objection that there may be other beneficiaries than the father entitled to the recovery. The defendant had an opportunity to prove this, but did not do so. The administrator also recovers as trustee for the real beneficiaries under the statute, and can be held to account to them, whoever they may be, for the proceeds of the judgment."

The Court correctly charged these legal principles, the statute, and the measure of the damages to the jury. The burden of the argument by the petitioners here is that since this widow and these children were in the court room and were represented to the jury as being the widow and children of this deceased and then a judgment was rendered in their behalf because of this fact. To argue thus and insist on this is to say that the jury absolutely disregarded the charge of the court and would have decided and did decide this case in favor of a widow of the plaintiff because she was represented to be the widow and these were represented to be the children. To make such an argument is to argue that the jury stultified itself and that the jury disregarded the charge of the court and would have decided one way for the plaintiff if she were the widow and another way if she were not. To reason this way is to stultify the jury and the whole system of judicial procedure which presumes that the jury will follow the charge. The argument here made amounts

to just this. The respondents in their brief make this very true and correct statement when they say:

"There are certain conclusive presumptions that must be indulged in if there is to be a government under law and the fact that some of those presumptions are generally known to be fictional does not lessen the necessity of their observance and conclusive acceptance. Once we admit that a widow has a better chance of establishing liability than a more remote relative, we admit the possibility that a pretty woman is a more favored litigant than one who is homely, or that a preacher is a more favored suitor than a gambler, and so on *ad infinitum*. No matter how persuasive these ideas may be to laymen, and no matter how much lawyers may be convinced of their factual correctness in individual cases, to base a judicial decision upon such consideration is to move from the realm of law into chaos."

Within one or two days after the verdict was rendered in this cause, one of the brothers went to the claim agent of the petitioner and informed the agent that Rosie Lee Cooper was not the widow and these were not the children of his deceased brother. These facts are made known and presented on the motion for new trial and fully set out and have been accepted by all parties herein. The argument is made in this Court that one of the reasons for not pursuing the question further prior to this trial of the authenticity of Rosie Lee Cooper's widowship and the paternity of these children was that these two brothers of the deceased were represented by other counsel and it was thought that it was improper to talk to them about the matter. The record shows that within a

day or two after the verdict was rendered the claim agent of the company did talk to both brothers and got rather extensive affidavits of this fact.

We think, and the record clearly shows, that if these claim agents had made a sufficient investigation they could have found out the fact that these were not the children and that Rosie Lee Cooper was not the widow. If they had discovered this fact and confronted her with it after she had sworn to the contrary it is perfectly obvious that her case would have gone up in smoke. We make this observation because from a practical standpoint it is not very often that one is going to misrepresent himself as being so and so to gain any advantage of another without this being discovered.

We have made our determination herein on the basis that legally this suit was properly brought. It is shown at the outset of the suit, in the proof, that these two brothers were the heirs of the deceased, Robert Cooper. Rosie Lee not being his widow and these five children not being his children does not affect the matter. Be this as it may these are not all of the heirs (if there are others) that can be established when it comes to making a distribution of the proceeds received by this estate for the wrongful killing of Robert Cooper.

■ We think that the Court of Appeals properly reinstated the judgment of this trial. There was no error committed upon the trial and the only reason for sustaining the motion for new trial has been heretofore gone into and it is shown, we think, beyond a peradventure of a doubt that this granting of this new trial was a mistake, thus there would be nothing to be gained by having another trial. The trial court approved this ver-

dict from every standpoint except that as has been heretofore gone into which is shown to be erroneous. This being true the defendant Railway Company had a fair trial by a jury.

This (reinstating the verdict) is in conformity with Section 27-101, T.C.A., which was first followed in the case of *Chesapeake & O. Southwestern R. Co. v. Higgins,* 85 Tenn. 620, 4 S.W. 47, and then in *Jenkins v. Hankins,* 98 Tenn. 545, 41 S.W. 1028, wherein this Court reinstated verdicts which had been preserved by a wayside bill of exceptions. This question came up in comparatively recent years wherein the Court of Appeals in *Merriman v. Coca Cola Bottling Co.,* 17 Tenn.App. 433, 68 S.W. 2d 149 (*certiorari* denied by this Court) did exactly this, that is, reinstated the verdict. This same procedure was in effect approved by this Court in the case of *Stapp v. Andrews,* 172 Tenn. 610, 118 S.W. 2d 749, 751, wherein this Court said:

"* * * such as is sometimes done on an approved verdict of the jury, where the trial court erroneously grants a motion for a new trial upon a mistake of law."

It is for these reasons that the judgment of the Court of Appeals is affirmed.

PREWITT, JUSTICE, not participating.

## On Petition to Rehear

BURNETT, JUSTICE.

There has been seasonably filed in this case a dignified, courteous and forceful re-argument of some of the questions heretofore so forcefully and ably presented. This petition, of course, does not comply with Rule 32 of this

Court (185 Tenn. 879), in that there is really nothing new presented.

This case has been rather intriguing and interesting to each individual member of this Court as well as to the Court as a whole. We discussed the matter on more than one occasion prior to its being argued before us and again did the same after argument. It was after this, and after each member of the Court had been furnished with a brief herein, that the conclusions were reached as expressed in our original opinion.

We did not overlook the many authorities cited on the question of fraud originally, nor do we those that are cited now. In our judgment, for the reasons stated in our original opinion, these questions are not determinative nor at issue herein.

Whether or not Rosie Lee Cooper was married to Robert Cooper is not the question herein. Rosie Lee Cooper could have had under evidence in this record a good reason for believing that she was the widow of Robert Cooper. Though of course we see no reason for her stating that these children were his. She had for some time lived with Robert Cooper. Robert Cooper had recognized her as his wife, to such an extent that he had so stated in a life insurance policy he had where he worked, and as such she was recognized as his widow. But even though she did not believe these things, and it is manufactured out of the whole cloth, in a legal sense, it was completely immaterial to the lawsuit. This is the point in the lawsuit that we tried to make as did the Court of Appeals. The only material fact which concerned Rosie Lee Cooper was that she at the time this suit was brought, prosecuted it as the administratrix of the estate.

Of course we in our zest and zeal of arguing lawsuits attribute various and sundry meanings to the word "fraud". This though, this word "fraud", is strictly limited to material questions in a legal sense.

We take the following language from the reply brief of the present petition which is the conclusion of the one who prepared this brief. This too is our conclusion. We thus quote and adopt their statement as follows:

"The attorneys are among the ablest and most diligent practicing in the present day trial bar. Their inaction cannot be attributed to neglect but more reasonably to the belief which the opinion of both Courts has established to be correct that the question of widowhood *vel non* was immaterial to any issue in the lawsuit. It was only after suffering an adverse verdict and pursuing every avenue that afforded even an arguable chance of relief to their client that the point was raised at all." (The question of the trial judge granting a new trial on newly discovered evidence.) "This is not said in criticism but in commendation, as it is an advocate's duty to raise and argue as vigorously as he can any point that may be of value to his client."

We are of course sorry always that we cannot agree with every lawyer and his position in a lawsuit. If this were true there would never be a decision in a lawsuit and the only way that we know to do is to, regardless of personalities, decide the lawsuit as we think it should be decided under law and justice.

For the reasons herein expressed the petition to rehear must be denied.

PREWITT, JUSTICE, not participating.