THOMAS L. CUNNINGHAM et al. v. J. W. HUTCHERSON et al.

Middle Section. November 7, 1931.

Petition for Certiorari denied by Supreme Court, March 5, 1932.

J. Shelby Coffey, of Columbia, for appellant, Cunningham.

Jno. C. Blackwell, of Nashville, for appellee, Hutcherson.

CROWNOVER, J. This is a suit against J. W. Hutcherson, administrator of the estate of W. T. Hutcherson, deceased, to recover on account the amount of the funeral expenses of the deceased, and against J. W. Hutcherson, individually, it being alleged that said J. W. Hutcherson promised to pay said bill himself if the funds of the estate should be insufficient to pay it.

The Chancellor found that a policy of insurance for $2000 on the life of W. T. Hutcherson, deceased, was made payable to his minor child, and was collected by the guardian of the minor; that this was not an asset of the estate of the deceased and not in any manner liable for his debts. That $7500 paid to the administrator by the party who wrongfully caused the death of the deceased, in settle-

ment therefor, became the property of the minor children, there being no widow, free from the claims of creditors; and that this recovery was not an asset of said estate and not liable for his debts, but that said fund was liable for reasonable attorneys' fees for the recovery thereof and for commissions of the administrator as expenses of administration. That funeral expenses are a debt against the estate, payable out of the assets of the estate.

The Chancellor found as a matter of fact that J. W. Hutcherson did not promise to pay the complainant the funeral expenses of deceased if the estate of deceased could not pay therefor.

He rendered a decree against J. W. Hutcherson, administrator of the estate of W. T. Hutcherson, deceased, in the sum of $304.75 (the amount of the funeral expenses), with interest from December 21, 1929, $25.45, making an aggregate of $330.20, to be paid out of the assets of the estate of said W. T. Hutcherson.

Motion for a new trial and for a rehearing was overruled, and complainant has appealed from said decree to this court, and assigned errors, which raise only two determinative propositions, to-wit:

(1) Whether the recovery for the wrongful death of W. T. Hutcherson, deceased, is an asset of the estate of said W. T. Hutcherson and liable for funeral expenses.

(2) Whether J. W. Hutcherson individually promised to pay the account of complainant, and became individually liable by reason of said promise.

W. T. Hutcherson was killed on December 25, 1929, by being run over by an automobile on the streets of Nashville. On the morning of December 26, 1929, J. W. Hutcherson, a brother of W. T. Hutcherson, telephoned to Thomas L. Cunningham, of Maury county, who conducted an undertaking business under the name of the Maury Undertaking Company, and engaged him to come to Nashville for his brother's body and conduct his funeral and burial, telling him that his brother had insurance and no doubt a recovery would be had for his wrongful death, but he did not promise to pay it individually.

Cunningham made all arrangements for the funeral and burial, the expense of which was $304.75. He rendered his bill against the "Estate of W. T. Hutcherson, By J. W. Hutcherson."

J. W. Hutcherson was, on December 30, 1929, appointed administrator of his brother's estate. He found that his brother left an insurance policy of $2000 payable to one of his minor children; that this policy was collected by the American Trust Company, guardian for said minor. The proceeds did not come into the possession of the administrator. Through counsel he perfected a settlement with the owners of the automobile which ran over and killed

W. T. Hutcherson, for $7500, which was paid to the administrator, Out of this fund attorneys' fees and administrator's fees and expenses were paid, and the balance of the fund, $6456.48, was paid over to the American Trust Company, guardian of the minor children.

There were no assets of the estate of said W. T. Hutcherson, deceased, except a few dollars of wages, and the administrator suggested the insolvency of said estate.

1. The recovery for the wrongful death of the deceased should not be appropriated to the payment of his debts as it is not an asset of his estate.

The statute provides:

"The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors." Shannon's Code, Sec. 4025.

It was held in the case of Whaley v. Catlett, 103 Tenn., 347, 53 S. W., 131, that the right of action under the statute for the negligent killing of a party is the right of the deceased and passes to his widow and children, and that statute did not create a new or independent cause of action, hence the statute of limitations that began to run against the decedent continued to run against those under disability, and barred the action unless it was brought within one year after the injury was done.

But it was held in the case of Haynes v. Walker, 111 Tenn., 106, 109-110, 76 S. W., 902, that the recovery was "in no sense an asset of the estate of the deceased." Pritchard on Wills & Admn., sec. 629.

The funeral expenses are a prior claim or debt against the estate of the deceased, and payable out of the assets of the estate. Code, sec. 4090; Pritchard on Wills & Admn., secs. 824, 839.

It has been held that damages recovered for husband's death are not subject to widow's year's allowance, as they are not assets of the deceased. Throgmorton v. Oliver, 144 Tenn., 282, 230 S. W., 967; Powell v. Blake, 161 Tenn., 516, 33 S. W. (2d), 78.

2. The Chancellor found as a fact that J. W. Hutcherson did not promise to be individually liable for said funeral expenses in the event there were no assets of the estate. We think the Chancellor was correct. The proof showed that Cunningham charged the amount and rendered his bill against the "Estate of W. T. Hutcher-

176

son, By J. W. Hutcherson," and the preponderance of the evidence is to the effect that he did not promise to pay the bill.

"The mere calling for a physician or requesting him to call upon a certain party will not make such a person liable to the physician for his fees in the particular service." Taylor's Physicians' Law (1 Ed.), 94-104, and cases cited.

Hence, all assignments on this question must be overruled.

All the assignments having been overruled, the decree of the Chancellor must be affirmed. A decree will be entered in this court for $330.20 together with interest from May 12, 1931, in favor of Thomas L. Cunningham against J. W. Hutcherson, administrator of the estate of W. T. Hutcherson, deceased, but the cost of the cause including the cost of the appeal is decreed against appellant and the surety on his appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.