

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 14, 1970

Honorable Henry Rothell        Opinion No. M-707
Acting Administrator
Texas Employment Commission    Re:  Whether Texas Public Junior
Austin, Texas  78701                College Districts are Political
                                     Subdivisions of this State.
Dear Mr. Rothell:

        Your request for an opinion reads in part as follows:

        "Public Law 91-373, Employment Security Amend-
ments of 1970, passed by the National Congress on
August 10, 1970, will make many far-reaching changes
in the Employment Security laws of the states.  For
example, employees who perform services in the em-
ploy of this State or any instrumentality of this
State for an institution of higher education located
in this State will be entitled to unemployment in-
surance based on such services and the State will
be required to pay contributions or reimburse the
unemployment insurance fund in some manner for un-
employment insurance paid out.  This requirement is
mandatory.  (Section 3304(a)(6)(A), of the Internal
Revenue Code of 1954, as amended and Section 3309
(a)(1)(B), of the Internal Revenue Code, as added
by the amendments of 1970.)  Services performed in
the employ of political subdivisions of this State
in institutions of higher education may or may not
be covered, depending upon whether such political
subdivisions elect to be covered, but the law pro-
vides that such political subdivisions must have
the right to elect coverage for their employees.
(Section 3304(a)(12), of the Internal Revenue Code
of 1954, as added by the amendments of 1970.)  The
importance to the institutions involved, as well as
the Texas Employment Commission, of being able to
determine which of such institutions are mandatorily
covered and which may have the right of election
becomes readily apparent.

        "It seems clear to us that the import of your
opinions No. WW-868 and M-182 is to the effect that
junior college districts are classified as political

subdivisions and under the terms of the amendments above described will be subject to the law only if they elect coverage for their employees.

"We would appreciate very much your advising us whether we have correctly interpreted the opinions above referred to."

In <u>Shepherd v. San Jacinto Junior College District</u>, 363 S.W.2d 742 (Tex.Sup. 1963), the Court in discussing the nature of junior college districts made the following observation at page 744:

"Some difficulty of classification has arisen with reference to junior colleges and the regional districts supporting them. Undoubtedly the framers of the Texas educational system envisioned a system of schools extending from those of an elementary grade to those of a university level, that is, elementary schools, secondary schools or high schools and colleges and universities. The junior colleges, developed for the most part since 1929, are sandwiched in, so to speak, between the high schools on one hand and the colleges or universities on the other hand. <u>In certain respects, the junior college is what its name implies, that is, a school which is above the high school level yet one whose highest grade is below the educational level required for a degree from a university. Yet, as pointed out by one of the briefs on file here, it would not be inappropriate to refer to the districts which support such schools as 'junior college districts,' 'advanced independent school districts' or 'graduate high school districts.' The point of this is that junior colleges and their districts may in some instances be regarded as colleges and in other instances as schools in the nature of advanced high schools.</u> The Junior College Act itself makes numerous references to independent school districts when delineating the powers and operations of a junior college district.

"The Texas junior college history bears some relation to the experience of other states with secondary schools, that is, high

schools or college preparatory schools."
(Emphasis added.)

School districts are political subdivisions of the State. Dupuy v. State, 121 S.W.2d 1003 (Tex.Crim. 1938); King's Estate v. School Trustees of Willacy County, 33 S.W.2d 783 (Tex.Civ.App. 1930, error ref.)

In Attorney General's Opinion WW-868 (1960), it is stated:

> "As set out in Article 2815h, Vernon's Civil Statutes, the Texas Public Junior Colleges are governed, administered and controlled by the Board of Education of the Independent School Districts or Junior College Districts of the particular district in which each is located and all such districts are under the general control of the Central Education Agency as stated in Article 2654-1, Vernon's Civil Statutes. Under Article 2815h, Vernon's Civil Statutes, the Junior College Districts are given power to issue bonds, levy taxes to service same, and levy and collect taxes for their support and maintenance. Therefore, Junior Colleges of Texas are an integral part of the local public school system, and, as such, are a part of the secondary public school program which includes high schools and junior colleges. Although from a curriculum standpoint, the Texas Public Junior Colleges are considered higher education, since they offer work parallel to that of the first two years of the four year colleges, they also come within the definition of secondary schools in Texas, being governed and financed in the same manner on the State and local levels as are other secondary schools in Texas and we conclude that this is controlling in determining their legal status as secondary schools."

See also Attorney General's Opinion M-182 (1968), citing Shepherd v. San Jacinto Junior College District, supra.

In view of the foregoing you are advised that junior college districts are classified as political subdivisions of the State.

## S U M M A R Y

Public junior college districts in this State are classified as political subdivisions of the State. Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex.Sup. 1963); Attorney General's Opinions M-182 (1968) and WW-868 (1960).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm L. Quick
Linward Shivers
Phil Warner
Harriet Burke

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant