CUMMINS *et al. v.* WOODY *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed June 14, 1941.

CARL LANGHAMMER and GUINN & MITCHELL, all of Johnson City, and POORE, KRAMER & COX, of Knoxville, for plaintiffs in error.

SIMMONDS & BOWMAN and DON GRAY, all of Johnson City, for defendants in error.

MR. SPECIAL JUSTICE ALAN M. PREWITT delivered the opinion of the Court.

This case is before the Court on a petition for *certiorari*. The plaintiffs in error, J. W. Cummins and others,

hereinafter referred to as defendants, seek to have the judgment of the Court of Appeals affirming the judgment of the trial court awarding a recovery of $2,000 to John C. White reversed.

Mildred Lois Woody, an infant of five years, was struck and killed by a truck owned by the defendant Cummins and driven by his agent and driver Neas. The collision took place on February 21, 1940, and happened on the south side of the pavement leading from Johnson City to Elizabethton, in Washington County. The child crossed the highway which ran east and west for the purpose of going to the mail box which was about two or three feet south of the south margin of the pavement. The truck was running east and the side of the vehicle struck the child's head and killed it instantly. The child's legal father lived in Washington, D. C., but the deceased was adopted by Mr. and Mrs. Fred Woody some two or three years before she lost her life and had made her home continuously with the adopting parents. These parties lived on the north side of this pavement and it seems that Mrs. Woody watched the child go across the road to the mail box and the first thing she knew the child was killed.

On March 2, 1940, Fred Woody qualified as administrator of the estate of the deceased infant and on Sunday, March 3, 1940, Fred Woody and his wife and a preacher by the name of Tester met the defendants' attorney in his room at a hotel in Johnson City and agreed to settle the claim for $600. It developed that Mr. Woody had consulted an attorney, but it does not appear that he was present when the settlement was made and the record indicates that his attorney thought he was entitled to considerably more money. The attorney for the plaintiff administrator finally agreed to this settlement on the

basis of $700, $500 to the administrator and $200 to himself.

On Monday morning, March 4, 1940, the plaintiffs' attorney went to the office of the attorney for the defendants and it seems that at that time the latter had already drawn the declaration. They immediately went to the courthouse and filed this declaration and also filed the plea of the defendants and judgment was entered for the $500. Within about thirty days thereafter John C. White came to Johnson City and filed an intervening petition, which the court permitted him to maintain in the case, and a new trial was granted and resulted in another trial in which the legal father was awarded a recovery of $2,000.

Thereupon defendants made a motion for a new trial, which was overruled, and an appeal was prayed and perfected to the Court of Appeals, the judgment of the trial court was affirmed, and, as before stated, the case is now here on the petition of Cummins, the owner of the truck, and Neas, the driver, on *certiorari*.

The principal questions presented are (1) whether the trial court was in error in not sustaining defendants' motion for a directed verdict, and (2) that the lower court erred in permitting the plaintiff John C. White to file his intervening petition, and in holding that the settlement between the parties thereto was not binding on John C. White, the legal father.

We have gone into the record thoroughly on the question of the granting of the motion for a directed verdict, and we feel that there was material evidence to carry the case to the jury. There was proof that Neas was driving the truck at a very fast rate of speed and that he made no effort to slow down when he saw the child or could have seen it, and, further, it appears that

there was some sort of a lever or iron bar protruding out of the right side of the truck which from the proof evidently hit the child and caused her death. We think then that the trial court was clearly right in submitting the matter to the jury.

■ The defendants also objected to the action of the trial judge in permitting the plaintiff John C. White to file his intervening petition. However, the defendants concede in their brief that this matter lies within the sound discretion of the court acting upon good and sufficient cause. See *W. S. Saylors* v. *Abraham Saylors et al.*, 50 Tenn. (3 Heisk.), 525, 526.

The most serious question presented is the one which arises out of the construction to be placed on Section 8236 of Williams' Code of Tennessee, which reads as follows: ''The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin, in either case free from the claims of creditors.''

Section 8237 of the Code provides that the suit may be instituted by the personal representative of the deceased, or by the widow in her own name, or, if there be no widow, by the children of the deceased, or by the next of kin, and it further provides that either of the parties in interest may use the name of the personal representative in bringing the suit, without his consent to such use.

■■ The meaning of the two sections appears to be clear when taken together. Section 8236 provides that

"the right of action shall pass to his widow, or, in case there is no widow, to his children, or to his next of kin, in either case free from the claims of creditors." Neither the claim nor the recovery thereunder becomes a part of the estate of the deceased, and the personal representative, as such, has no interest in the recovery. He is a medium only for enforcing the rights of others. The right of action for personal injuries resulting in death did not survive at common law, but died with the person injured. *Bream* v. *Brown,* 5 Cold., 168; *Loague* v. *Railroad,* 7 Pickle, 458, 459, 19 S. W., 430. But the common-law rule in this connection was modified so as to save the right of action of a person dying by the wrongful act of another, by providing that the suit might be instituted by the personal representative of the deceased for the benefit of the widow or next of kin and by further providing that the widow and children might use his name for instituting suit without his consent. In the event he declined to bring the suit, then the suit would lie only in the name of the personal representative. In construing that act, the Court held that the right of action survived to the personal representative. *Loague* v. *Railroad,* *supra.*

This revival statute was modified in 1871 by the act of the Legislature so as to provide that the widow, and children in the absence of a widow, might prosecute the suit in their own names. But the recovery was limited to such damages as the deceased himself might have recovered. *Trafford* v. *Adams Express Co.,* 8 Lea, 96, 109.

In the case of *Holston* v. *Dayton Coal & Iron Co.,* 11 Pickle, 521, 524, 32 S. W., 486, 487, in a discussion of the limits to which the statutes have modified the rule of common law as to the survival of actions in death cases, the Court says: "None of these statutes give the right

to the next of kin, as such, but only to the widow and children, to prosecute such suit in their own names, and the right of action does not, by the statute, survive to the next of kin, but to the personal representative for the benefit of such next of kin, and such personal representative only has the right to prosecute such suit, save in the excepted cases of the widow and children.''

By the express provisions of Code, section 8236, it is provided that the right of action shall not abate but shall pass to the widow, and, in case there is no widow, to the children or the next of kin. In other words, where the former act provided that the right of action should pass to the widow or children, the Code provisions extend the reservation to the next of kin in the same category as the children. The reservation in favor of the next of kin is prior in order of enumeration to the reservation in favor of the personal representative for the benefit of the widow or next of kin. It is a clear expression by the Legislature that the reservation should be extended to the next of kin in the same manner as the previous reservation including the widow, and we know of no reason why the provision should not be fully recognized by the courts.

■ ■ Under the law the father had the exclusive right to compromise the claim, and the attempt at compromise with the administrator was inoperative against him. It is unnecessary, in this view of the case, to go into the matter of fraud. The trial judge expressed himself in the matter by stating that he thought the parties were not guilty of any fraud in bringing about this compromise, but, be that as it may, the view we take of the case is that John C. White is the person entitled to the recovery and that the recovery is his, and that the ad-

ministrator could not bind him without his consent, either expressed or implied.

In our view of the case, we hold that John C. White had the right to institute suit in his own name as next of kin of the deceased child, or he could have instituted suit in the name of the administrator for his use and benefit. We are further of the opinion that under the facts of this case it was proper for the court to permit him to intervene in this suit and become a party plaintiff therein, and we are also of the opinion that the court properly granted a new trial under the showing in this cause.

Writ denied.