EMERSON O. DILWORTH, a minor, By Next Friend, ERNESTINE DILWORTH,

*v.*

TISDALE TRANSFER & STORAGE COMPANY, INC., AND BOBBY LAIRD McDILL.

354 S. W. 2d 261.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

RAYMOND M. BRIGGS, BRIGGS, NIXON & OWENS, Memphis, for petitioner.

LEO BEARMAN, SR., LEO BEARMAN, JR., Memphis, for respondent.

Mr. Justice Dyer delivered the opinion of the Court.

The plaintiff in error brought suit in the Circuit Court of Shelby County as the illegitimate son of Otis Harris, Jr. for the wrongful death of his putative father. The declaration alleged the putative father had acknowledged plaintiff in error as his son and contributed to his support.

The defendant in error filed a demurrer to this declaration on the ground an illegitimate son is not a proper person to bring an action for the wrongful death of his putative father.

The trial court sustained this demurrer and the sole question presented here on appeal is whether an acknowledged illegitimate son can sue for the wrongful death of his putative father.

Under the common law the right to recover damages for personal injuries was extinguished by the death of the injured person. In Tennessee this has long been changed by statute now carried as Section 20-607, Tennessee Code Annotated, known as the Wrongful Death Statute. Under this statute the right of action for the wrongful death of Otis Harris, Jr. would have passed to his widow; there being no widow, then to his children. If plaintiff in error is to prevail he will have to be included in the words, "to his children."

This Court has held this statute is in the nature of the statutes of descent and distribution. *Johnson v. Morgan,* 184 Tenn. 254, 198 S.W.2d 549. Since the proceeds of an action for wrongful death would be personalty we will examine our statute on this matter as a possible guide. These statutes are carried as Sections

31-201 to 31-208 (inclusive), Tennessee Code Annotated. Section 31-201 sets out the distribution of personalty where there is no husband or wife, (as in the case at bar) as follows: "(3) To the children."

In the case of *Henderson v. Linston,* 186 Tenn. 273, 209 S.W.2d 38, Chief Justice Neil makes the following statement, "The ordinary statute of distribution does not apply to bastards, unless they are embraced by its terms or by necessary implication."

In *Adams v. Jackson,* 23 Tenn.App. 118, 126 S.W.2d 899 it was held an illegitimate child would not inherit from the putative father.

In Am. Jur. Vol. 7 page 628 we find the following statement:

"The question has arisen in numerous cases whether bastards are included within such terms as 'child' or 'children,' 'blood relations,' 'issue,' 'heirs,' 'dependents,' etc., as used in statutes, wills, deeds, and other instruments. While the decisions are not wholly uniform upon this question, it may be said in general that in most jurisdictions when the word 'child' or 'children' is used in a statute (unless the statute clearly reflects the contrary), it means a legitimate child or children only."

In this connection it should be noted the legislature by Section 31-205 has made provision for distribution of property to illegitimates from the mother, but we have no comparable statute in regard to the putative father.

This Court has held the Wrongful Death Statute must be strictly construed against the maintenance of any

right of action not expressly provided therein. *Railway Co. v. Lilly,* 90 Tenn. 563, 18 S.W. 243. *Hogan v. Mc-Daniel,* 204 Tenn. 235, 319 S.W.2d 221.

Counsel for plaintiff in error argues the fact this child having been acknowledged by his putative father should affect this matter. In Tennessee there are statutory methods by which an illegitimate child may be legitimated, but there is no claim here any of these have been complied with by plaintiff in error. The mere acknowledgment by the putative father, that he is the natural father of the child would not change the legal status of the child.

Counsel for plaintiff in error urges us to consider the trend of court decisions and legislation in relaxing the harsh rule of the common laws in regard to illegitimate children. While we are not unfriendly to this argument we have no right by liberality of construction to do that which is the prerogative of the legislature.

We have had the benefit of most excellent briefs (brief and to the point in issue) from counsel for both plaintiff in error and defendant in error.

It results that an illegitimate child cannot bring an action for the wrongful death of his putative father, under Section 20-607, Tennessee Code Annotated even though the father had acknowledged the child.

Judgment affirmed.