**Elizabeth Dobyns HARMON, Plaintiff,**

v.

**Steve James WOLFE, Defendant.**

**Civ. A. No. 1894.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 22, 1965.

Hyder & Jenkins, Rogersville, Tenn., J. Mayes, Rogersville, Tenn., of counsel, for plaintiff.

Ben C. Davis, Edwin L. Treadway, Kingsport, Tenn., for defendant.

NEESE, District Judge.

This is a wrongful death action by the adoptive mother, and sole surviving parent, of a nine-year-old child, which was instituted in a state court and removed to this Court. 28 U.S.C. §§ 1332 and 1441, et seq. One of the defenses interposed is that the plaintiff is not a legal beneficiary of her adopted son, and a dismissal of this action is sought on that ground. It is stipulated that she was on the date of the accident, on the date of the commencement of this action, and on the date of its aforementioned removal, the adoptive mother of her deceased child, and that the adoptive father was deceased on the first of those dates.

It is conceded in briefs of counsel supporting the said motion that an adoptive parent has a right of action for the wrongful death of an adopted child. T.C.A. § 20–607. "* * * (T)his statute is in the nature of the statutes of descent and distribution. Johnson v. Morgan, 184 Tenn. 254, 198 S.W.2d 549. * * * (T)he proceeds of an action for wrongful death would be personalty * * *." Dilworth v. Tisdale Transfer & Storage Co. (1962), 209 Tenn. 449, 450 (see also p. 452), 354 S.W.2d 261, 262. "* * * As has been often said, this statute creates no new right, but merely keeps alive the right the deceased would have had, and passes it to his personal representative for the benefit of his '* * * kin,' the recovery being no part of his estate, but being distributed as personal property * * *.

"* * * * This statute * * * does not mention a * * * child, but uses the words 'a *person* whose death,' etc.,

as being the one whose right of action is kept alive. The word 'person' is comprehensive—and embraces every human being, male and female, married and single; and the words ' * * * next of kin' may include persons of either sex, under the rule of construction that words 'importing the masculine gender may include the feminine and neuter' (1858 Code sec. 50, T.C.A. § 1–304).

\* \* \* \* \* \* \*

"Accordingly, this statute has been construed as 'not being limited to the case of a killing of a husband or father, but is designed to *abrogate the common law rule,* and to include *every case of wrongful killing,* including that of an infant * * *.

" * * * Under this statute, * * * it is clear that the right of action for the wrongful death * * * survives and passes to [the] personal representative * * * for the benefit of [the] next of kin, which, of course, would include * * * a parent * * *."

\* \* \* \* \* \* \*

" * * * Thus, this statute authorizes a suit for wrongful death * * * to be brought * * *; such a suit may be brought by * * * a parent, as in this case. * * *

"The idea that such right of action survives to [the] next of kin (including a parent) is further borne out by the amendment made by the 1950 Code Supplement (sec. 8236), providing for such survival ' * * * to his * * * legally adoptive parent * * *'." Southeastern Aviation, Inc. v. Hurd (1962), 209 Tenn. 639, 653, [4], [5], 654 [6], 656 [7], 355 S.W.2d 436, 442, 443, 444.

■ T.C.A. § 36–126 provides that where there has been a legal adoption, as is stipulated is true herein, the relationship between the adoptive parent and the adoptive child is " * * * as if such child had been born to [the parents] in lawful wedlock." Inasmuch as T.C.A. § 31–201 provides for the distribution of the personal property of an intestate to the surviving mother, subsec. (4), and the aforementioned T.C.A.

sec. 36–126 creates an indistinguishable relationship of parent and child where there has been a legal adoption, the plaintiff, as the only surviving parent of her adopted child, is the sole surviving beneficiary of the proceeds of her adoptive child's surviving wrongful death action. Anderson v. Anderson (1963), 211 Tenn. 566, 568 [1], 366 S.W.2d 755.

Accordingly, the motion of the defendant of September 27, 1965 hereby is

Overruled.