**Roy W. O'NEAL, Jr., etc.,**
**Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY,**
**Defendant.**

**No. CIV-2-74-112.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 14, 1975.

Paul R. Wohlford, and Frank P. Miller, Bristol, Tenn., for plaintiff.

C. T. Herndon, III, and C. T. Herndon, IV, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by the personal representative of a decedent's estate for

damages for the (instantaneous) wrongful death of such decedent, based upon diversity of citizenship and the requisite jurisdictional amount. 28 U.S.C. §§ 1332(a)(1), (c). The plaintiff and the defendant stipulated that they had entered into, subject to the Court's further order, a pretrial settlement of the issues of both liability and damages.

The plaintiff brought this action for the benefit of such decedent's surviving statutory next-of-kin, T.C.A. § 31–201, who are his parents, Mr. and Mrs. Roy W. O'Neal, Sr., in this instance. It is stipulated that Mr. O'Neal, Sr. while disabled, is *compos mentis* and has approved the proposed compromise and settlement; while his wife Mrs. O'Neal is incompetent to manage her affairs and is without regular guardian or a conservator of her estate.

" * * * The right of action which a person * * * whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin * * * ". T.C.A. § 20–607. This " * * * statute [then, Shannon's Revision, § 4025] gave the right of action * * * to the administrator for the benefit of the next of kin, if for want of widow or children the next of kin were the statutory beneficiaries. * * * " *Sanders' Adm'x v. Louisville & N. R. Co.*, C.C.A. 6th (1901), 111 F. 708, 710–711. " * * * The next of kin for whose benefit the right of action survives are the real plaintiffs, and the administrator, though made a necessary party plaintiff by the statute, is nevertheless a mere trustee and a nominal party. * * * " *Ibid.*, 111 F. at 709. " * * * Neither the claim nor the recovery thereunder becomes a part of the estate of the deceased, and the personal representative, as such, has no interest

in the recovery. He is a medium only for enforcing the rights of others. * * * " *Cummins v. Woody* (1941), 177 Tenn. 636, 641(3), 152 S.W.2d 246, 248.

■ T.C.A. § 20–607 is in the nature of a statute of descent and distribution. *Sneed v. Henderson* (1963), 211 Tenn. 572, 576, 366 S.W.2d 758, citing *Dilsworth v. Tisdale Tr. & St. Co.* (1961), 209 Tenn. 449, 450, 354 S.W.2d 261; *accord: Johnson v. Morgan et al.* (1947), 184 Tenn. 254, 256, 198 S.W.2d 549. The parents of the decedent herein are entitled to any recovery which may be had herein by reason of the wrongful death of their son and were entitled to maintain this action in their own names for the purposes of obtaining such recovery. *Gogan v. Jones* (1954), 197 Tenn. 436, 438(2), 273 S.W.2d 700. The plaintiff-administrator of their son's estate cannot bind either such parent without the latter's consent, express or implied. *Cummins v. Woody, supra,* 177 Tenn. at 642–643(6), 152 S.W.2d 246.

■ As stated, one of the parents of the decedent herein has given his express consent to be bound by the compromise and settlement entered into on his behalf by the plaintiff-administrator. The other parent is not legally capable of giving her consent thereto, either expressly or by implication. However, under such circumstances, it is proper for the Court to permit the legally incompetent parent to intervene in this action and become a party plaintiff herein by guardian *ad litem. Cf. ibid.*, 177 Tenn. at 640(2), 643, 152 S.W.2d 246.

It thus appearing that such incompetent beneficiary Mrs. Roy W. O'Neal, Sr. should intervene as a party plaintiff herein for the protection of her rights and interests as a next of kin to her deceased son, the late Jimmy Lee O'Neal; that a right of relief does exist in such incompetent; the Court having found from the stipulation of the parties that such incompetent has no guardian, conservator or duly appointed representa-

tive; and the Court having further found that William T. Gamble, Esq. has no adverse interest to the rights of such incompetent and is otherwise fully qualified * to act as the guardian *ad litem* of such incompetent to prosecute the latter's right of relief herein, it hereby is

Ordered that William T. Gamble, Esq. is appointed guardian *ad litem* of Mrs. Roy W. O'Neal, Sr. to intervene herein as a plaintiff and for the prosecution of her aforementioned right to relief and interests.

---

* The Court notices judicially that Mr. Gamble, Esq. has represented both a railroad and claimants against railroads in his practice.