Tabitha Renee DOTSON, etc., Plaintiff,

v.

DANIEL INTERNATIONAL CORPORATION, Defendant.

No. CIV–2–81–38.

United States District Court, E. D. Tennessee, Northeastern Division.

April 10, 1981.

Charles R. Terry, Morristown, Tenn., for intervenor. K. Kidwell King, Greeneville, Tenn., for plaintiff.

Thomas L. Kilday, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity, 28 U.S.C. §§ 1332(a)(1), (c), tort action for damages for wrongful death by a minor claiming to be the next-of-kin of her decedent the late Mr. David O. C. Dodson. The proposed intervenor a minor-female, claims also to be a next-of-kin of such decedent. It is undisputed that, if the applicant for intervention is a next-of-kin of such decedent, she is illegitimate.

 Tennessee law provides the rules of decision herein. 28 U.S.C. § 1652. As presently applicable, the law of descent and distribution of Tennessee provides that " * * * a child born out of wedlock may inherit from and through his [or her] father * * * where [the] paternity [of such child] is established by clear and convincing proof * * *." *Allen v. Harvey* (Tenn., 1978), 568 S.W.2d 829, 835[6], construing T.C.A. § 31–206, as amended in 1978.

*Allen* overruled expressly all rules of decision in conflict therewith. *Idem.* One such decision appears to have been *Dilworth v. Tisdale Transfer & Storage Company*

(1962), 209 Tenn. 449, 354 S.W.2d 261. It had been *held* therein that an illegitimate son could not maintain an action for damages for the wrongful death of his putative father, and the basis of that holding was the common-law rule: that an illegitimate child cannot inherit from his father. *Cf. Sneed v. Henderson* (1963), 211 Tenn. 572, 577–578[3], 366 S.W.2d 758, wherein it was said *inter alia:* " * * * an illegitimate child may maintain an action for damages for the wrongful death of its mother and share in the proceeds thereof according to the statute of descent and distribution. * * * " *Ibid.,* at 578. It had been noted earlier that, in *Dilworth,* the Court had said: " * * * 'In this connection it should be noted that the legislature by [T.C.A.] Section 31–205 has made provision for distribution of property to illegitimates from the mother, but we have no comparable statute in regard to the putative father.' * * * " *Ibid.,* at 576.

■ As the law of Tennessee, as delineated earlier in *Dilworth,* has been changed by its legislature, to allow a child, male or female, born out of wedlock to inherit from and through his or her father where the father's paternity is established by clear and convincing proof, it appears that the applicant for intervention claims an interest relating to the transaction which is the subject of this action; that she is so situated that its disposition may as a practical matter impede her ability to protect that interest; and that her interest cannot be said to be represented adequately by the existing parties. Rule 24(a)(2), Federal Rules of Civil Procedure.

The amendment in 1966 to that Rule " * * * provides that an applicant is entitled to intervene in an action when his [or her] position is comparable to that of a person under Rule 19(a)(2)(i), as amended * * *." Notes of Advisory Committee on Rule 24. If there is a judgment for the existing plaintiff against the defendant herein, and if the proposed intervenor has established pretrial by clear and convincing proof that she is also of next-of-kin of the aforenamed decedent, then her joinder is needed for a just adjudication of the proceeds of such judgment.

Antecedent to such intervention and joinder, is the preliminary matter of whether the applicant can establish the paternity of the aforenamed decedent by clear and convincing proof. This is a matter based on facts not appearing of record. Accordingly, the clerk will assign the application for hearing on oral testimony at the first convenient time. Rule 43(e), Federal Rules of Civil Procedure.