Karen WOODS, et al.,
Plaintiffs/Appellants,

v.

Olice C. FIELDS, Sr., et al.,
Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 29, 1990.

Rehearing Denied April 12, 1990.

Application for Permission to Appeal Denied by Supreme Court Sept. 24, 1990.

**240**

Jesse H. Ford, III, George L. Morrison, III, Jackson, for plaintiffs-appellants.

Richard H. Dinkins, Williams and Dinkins, Nashville, for defendants-appellees.

FARMER, Judge.

This case arose out of the death of Olice C. Fields, Jr. ("Mr. Fields, Jr.") on May 23, 1977. At the time of his death, Mr. Fields, Jr. was living in Shelby County, Tennessee, with Julia Faye Woods Tipton ("Ms. Tipton") and their two-year-old illegitimate daughter, Karen Woods. As a result of his death, the parents of Mr. Fields, Jr., Olice C. Fields, Sr. and Willie Fai Fields ("Mr. and Mrs. Fields, Sr."), filed suit in federal district court on May 9, 1978 against, *inter alia*, Shelton Fertilizer Company, Inc. ("Shelton Fertilizer") and three of its employees, the City of Covington, Tennessee and its mayor and chief of police, and the sheriff of Tipton County. After extended litigation that case was settled and dismissed with prejudice on October 29, 1987. It was alleged that Mr. and Mrs. Fields, Sr. received a structured settlement.

On November 30, 1987, Karen Woods and Karen Woods by next friend, parent and natural guardian, Julia Faye Tipton Woods brought this action in the Chancery Court of Shelby County against Mr. and Mrs. Fields, Sr., Shelton Fertilizer and one of its employees, and United States Fidelity and Guaranty Insurance Company ("U.S.F. & G."). The complaint alleged that Karen Woods is the illegitimate child of the decedent, Mr. Fields, Jr., and sought to establish a relationship of parent and child in accordance with T.C.A. § 31–2–105 (1984 & Supp.1989) for the purpose of intestate succession. The complaint alleged that the funds which Mr. and Mrs. Fields, Sr. obtained in the settlement of the federal court action were wrongfully obtained and should be impressed with a constructive trust for the benefit of Karen Woods. The complaint also sought a restraining order to restrain further payments of the settlement funds and to restrain Mr. and Mrs. Fields from disposing of any funds currently in their possession. Finally the complaint sought an accounting of all the funds paid or received in the settlement of the federal court case.

All defendants filed motions to dismiss, including Mr. and Mrs. Fields, Sr., who based their motion on the following grounds: improper venue, statute of limitations, laches, and failure to state a claim upon which relief could be granted. The Shelton Fertilizer employee was dismissed by consent order.

On April 11, 1988 a hearing was held to consider the remaining defendants' motions to dismiss and the plaintiff's motion for a temporary injunction to extend the earlier temporary restraining order. By order of April 21, 1988, the Chancellor dismissed all remaining defendants, ruling that laches was a valid defense which would bar this action and dissolved the temporary restraining order, leaving paternity as the final issue to be determined. Karen Woods moved the trial court for permission to file an interlocutory appeal of the dismissals, which was denied. A voluntary nonsuit against Shelton Fertilizer and U.S.F. & G. was entered on May 2, 1988.

A hearing on the issue of paternity was conducted on October 27, 1988, at which Mr. and Mrs. Fields, Sr. moved the court to dismiss the case for lack of subject matter jurisdiction. They argued that the juvenile court has exclusive jurisdiction over all cases to establish paternity of children born out of wedlock. The Chancellor found that, for the purpose of intestate succession, the paternity action was properly before the chancery court and denied the motion to dismiss. The Chancellor found that there was clear and convincing evidence to prove that Mr. Fields, Jr. was the natural parent and father of Karen Woods for the purpose of intestate succession pursuant to T.C.A. § 31–2–105. The Chancellor also dismissed counts II and III of the complaint which sought to impose a con-

structive trust, an accounting, and a restraining order on the funds of the federal court settlement.

On appeal we perceive the issues to be as follows:

1. Whether this Court has jurisdiction over this appeal.

2. Whether the Chancery Court of Shelby County had jurisdiction over the suit to establish paternity for the purpose of intestate succession.

3. Whether venue for an action against Mr. and Mrs. Fields, Sr. was proper in the Chancery Court of Shelby County.

4. Whether laches can be applied to a minor.

5. Whether a constructive trust should be imposed on the proceeds of the wrongful death settlement currently in the hands of Mr. and Mrs. Fields, Sr.

■ Concerning the first issue, appellees contend this appeal was not timely filed. Rule 3 of the Tennessee Rules of Appellate Procedure provides that an appeal as of right is available from every final judgment in a civil action, except:

if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

The Chancellor's order of April 21, 1988, dismissing Mr. and Mrs. Fields, Sr. based on the defense of laches was not a final judgment because it did not dispose of all the claims of all the parties. The issue of paternity was still before the chancery court. Rule 4(a), T.R.A.P. provides that for an appeal to be timely, notice of appeal shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from. Our review of the record shows that the Chancellor's final order was entered on January 9, 1989 and the notice of appeal was filed on February 7, 1989. Thus this appeal was timely filed.

■ The second issue is whether the Chancery Court of Shelby County had jurisdiction over this suit to establish paternity. T.C.A. § 31–2–105 (1984 and Supp. 1989) provides that, for purposes of intestate succession, a relationship of parent and child can be established after the death of the father by clear and convincing proof. In *Thompson v. Coates*, 627 S.W.2d 376 (Tenn.App.1981) the court found that the chancery court, not the juvenile court, was the proper place to bring a paternity action for the purpose of intestate succession. This issue is without merit.

The next issue concerns whether venue for this action against Mr. and Mrs. Fields, Sr. was proper in the Chancery Court of Shelby County. Mr. and Mrs. Fields, Sr. contend that venue cannot be conferred upon them by bootstrapping the claim for a constructive trust with the paternity action. Also, Mr. and Mrs. Fields, Sr. claim that venue under T.C.A. § 16–11–114 was not proper because they did not reside in Shelby County.

T.C.A. § 16–11–114 (1980) provides as follows:

**Venue of suits.**—The local jurisdiction of the court of chancery is also subject to the following rules:

(1) The bill may be filed in the county in which the defendant or a material defendant resides, and if, upon inquiry at his residence, he is not to be found, he may be proceeded against by publication or judicial attachment.

T.C.A. § 20–4–101(a) provides:

**Transitory actions.**—(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

■ Mr. and Mrs. Fields, Sr. argue that since they were residents of Gibson County, venue was not proper in Shelby County and the chancery court never acquired jurisdiction over them.

As noted above, this suit was properly brought in the Chancery Court of Shelby County, Tennessee to establish a parent-child relationship for the purpose of intestate succession. As part of that suit, Karen Woods also alleged that the settlement received by Mr. and Mrs. Fields, Sr. as a result of the wrongful death of her natural father should be impressed with a constructive trust, that Mr. and Mrs. Fields, Sr. should be restrained from receiving further settlement payments, and that there be an accounting of those funds received by Mr. and Mrs. Fields, Sr. As a result of these claims, plaintiff sought to join all defendants in one action in the Shelby County Chancery Court.

Rule 20.01 T.R.C.P. provides:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

The Committee Comment to Rule 20 states:

Rule 20 deals with permissive joinder and greatly liberalizes prior law. The rule is designed to relieve the burden on the courts and on litigants by allowing a single suit to determine the rights and liabilities of all persons when those rights and liabilities arose out of the same transaction or occurrence and when a common question of law or fact exists among all parties. Where the liberality of the permissive joinder provisions works a hardship on a particular party or parties, the court is empowered to order separate trials or make other orders necessary to prevent delay or prejudice.

In *Fred's Finance Co. v. Fred's of Dyersburg, Inc.*, 741 S.W.2d 903 (Tenn. App.1987) this Court considered whether it was permissible to join defendants from different counties in a single suit in one county. We held that the issue of proper venue was contingent upon whether there was proper joinder of parties. To determine whether permissive joinder was proper, this Court adopted the "logical relationship" test which permits reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events was not necessary. In the case at hand, there is a logical relationship between Karen Woods' suit to establish paternity for purposes of intestate succession under T.C.A. § 31–2–105 and her claim to impose a constructive trust on the funds received for the wrongful death of her natural father.

Olice Fields, Jr., Ms. Tipton and their daughter Karen all resided in Shelby County, which was the proper venue for the action to establish paternity for purpose of intestate succession. Mr. and Mrs. Fields, Sr. were proper parties to that action since the outcome would determine whether they or their granddaughter would inherit from the decedent.

In Tennessee, the proceeds of a wrongful death action are personalty and distributed as such. *Dillworth v. Tisdale Transfer & Storage Co.*, 209 Tenn. 449, 354 S.W.2d 261 (1962); *Anderson v. Anderson*, 211 Tenn. 566, 366 S.W.2d 755 (1963). Under T.C.A. § 31–2–104(b) (1984) if the intestate decedent has no surviving spouse, as in this case, the entire estate passes:

(1) To the issue of the decedent....

(2) If there is no surviving issue, to his parent or parents equally....

In *Allen v. Harvey*, 568 S.W.2d 829 (Tenn.1978) the Supreme Court held that a child born out of wedlock may inherit from

and through its father where paternity is established by clear and convincing proof and where rights of inheritance have not finally vested. This holding was given both prospective and retrospective application in *Marshall v. Marshall*, 670 S.W.2d 213 (Tenn.1984).

In the case at hand the record shows Mr. and Mrs. Fields, Sr. knew that they had a grandchild. Mr. Fields, Sr. filed an application with the Social Security Administration on May 26, 1977, three days after his son's death, for lump sum death payment. In the remarks section of the application, Mr. Fields, Sr. noted that his son had one child by Julia Woods (Ms. Tipton) living in Memphis, Tennessee. The application was signed by Mr. Fields, Sr. affirming that all the information given was true. Had Karen Woods been legitimated during the pendency of the nine-year wrongful death action, she would have been the beneficiary of the settlement.

Karen Woods was successful below in her action to establish paternity for purposes of intestate succession and she has been adjudicated by clear and convincing evidence to be the natural child of Mr. Fields, Jr. She is now a legal heir to her father's intestate estate and is entitled to inherit under T.C.A. § 31–2–104(b)(1) (1984). See *Marshall v. Marshall*, 670 S.W.2d 213 (Tenn.1984). This Court is of the opinion that efficient judicial administration and public policy favor the avoidance of a multiplicity of suits and venue would lie in Shelby County.

The next issue is whether laches is a bar to Karen Woods' action to impose a constructive trust on the proceeds of the wrongful death suit received by Mr. and Mrs. Fields, Sr. The Chancellor found that because Ms. Tipton had waited over 12½ years after the birth of her child and over 10½ years after the death of Karen Woods' alleged father to bring this action to the prejudice of Mr. and Mrs. Fields, Sr., she was guilty of laches. The trial court heard no evidence on this question before ruling that laches barred the suit and denied a request for an offer of proof.

Laches has been defined as:

The neglect of a person to make complaint, or bring action in due season, he being *sui juris and knowing the facts,* or having the means of knowledge.... (Emphasis added.)

W. Inman, Gibson's Suits in Chancery § 48 (6th ed. 1982). *Sui juris* is defined as: "Of his own right; possessing full social and civil rights; not under any legal disability, or the power of another, or guardianship. Having capacity to manage one's own affairs; not under legal disability to act for one's self." Black's Law Dictionary 1286 (5th ed. 1979).

Although the Chancellor found that Ms. Tipton was guilty of laches, the real plaintiff in this action is her daughter, Karen Woods, a minor. In *Nelson v. Allen,* 9 Tenn. (1 Yerger) 360 (1830) the Supreme Court held that laches shall not be imputed to a minor. See also *Rutherford v. Richardson,* 33 Tenn. (1 Sneed) 609 (1854). Thus, since laches could not run against the minor, who is not *sui juris,* it was error for the Chancellor to base a dismissal on laches.

The final issue presented is whether a constructive trust should be imposed on the settlement proceeds. The only evidence presented below concerned the issue of paternity as the trial court dismissed the remaining cause of action due to laches.

The order of dismissal entered below on the grounds of laches is reversed and this cause is remanded for a trial on the merits of whether a constructive trust should be imposed upon the proceeds of the settlement. Costs of this appeal are taxed to appellees Olice C. Fields, Sr. and Willie Fai Fields, for which execution may issue if necessary.

TOMLIN, P.J., W.S., and McLEMORE, Special Judge, concur.