IN THE COURT OF APPEALS OF TENNESSEE

| | |
|---|---|
| FRANK L. WILLIAMS,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br><br>SUGAR COVE LIMITED PARTNERSHIP and<br>SUGAR COVE DEVELOPMENT CO., INC.,<br><br>      Defendants,<br><br>and<br><br>HAROLD WILSON, HARVEY BRANAM,<br>THERON R. STONE, JAMES P. LEE,<br>WALTER B. LUMSDEN, JR., VAN R.<br>MICHAEL, HAY, MORRIS & SUTTON<br>CONSTRUCTION CO., a partnership,<br>JOE L. DIAZ, MICHAEL C. LITTLE,<br>S. HARRIS LOVINGOOD, LOU L.<br>LOVINGOOD, and CHARLES E. RIDENOUR,<br><br>      Defendants-Appellees. | )C/A NO. 03A01-9605-CH-00175<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)APPEAL AS OF RIGHT FROM THE<br>)MONROE COUNTY CHANCERY COURT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)HONORABLE WILLIAM E. LANTRIP,<br>)CHANCELLOR, By Interchange |

FILED

**April 29, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

For Appellant:

  CLIFFORD E. WILSON
  Madisonville, Tennessee

For Appellees Wilson, Branam,
  Stone, and Lumsden:

  WILLIAM E. HOWE
  Howe & Lee
  Sweetwater, Tennessee

For Appellee James P. Lee:

  PETER ALLIMAN
  White, Carson & Alliman
  Madisonville, Tennessee

For Appellee Van R. Michael:

  VAN R. MICHAEL, Pro Se
  Sweetwater, Tennessee

For Appellee Hay, Morris &
  & Sutton Construction Co.:

  WILLIAM P. BIDDLE, III
  Higgins, Biddle, Chester
  & Trew, LLP
  Athens, Tennessee

1

For Appellee Joe L. Diaz and
 and Michael C. Little:

 JOHN CARSON III
 White, Carson & Alliman
 Madisonville, Tennessee

For Appellees S. Harris
 Lovingood and Lou L. Lovingood:

 J. LEWIS KINNARD
 Madisonville, Tennessee

For Appellee Charles E. Ridenour:

 ANDREW CRAIG TROUTMAN
 O'Neil, Parker & Williamson
 Knoxville, Tennessee

# O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

In this case, the plaintiff seeks to pursue a "supplemental complaint" filed by him three years after he was granted complete relief against the original defendants, by way of a final judgment entered on July 8, 1991. The trial court dismissed the supplemental complaint, and the plaintiff appealed. We affirm.

On May 7, 1991, the plaintiff filed a complaint in this proceeding against Sugar Cove Limited Partnership and Sugar Cove Development Company, Inc., the latter being a Tennessee corporation and the general partner of the limited partnership. On July 8, 1991, the trial court entered a judgment against the limited partnership and its general partner for $29,162.72, which was the exact relief sought in the original complaint. With the passage of time, that judgment became final.

Almost three years later, on June 30, 1994, the plaintiff filed a motion in this proceeding seeking permission to file a supplemental complaint, which pleading was attached as an exhibit to the motion. The motion was granted by order entered July 15, 1994. Thereafter, each of the eleven individuals and one entity added to the proceeding by the supplemental complaint filed a motion to dismiss and/or for summary judgment.

On December 8, 1995, the trial court entered an order granting the defendants' motions and dismissing the supplemental complaint. The court found that:

> Rule 15 of the Rules of Civil Procedure does not permit the plaintiff to file an amended complaint after a judgment has become final.

The trial court found that the "supplemental complaints add[ed] new defendants and causes of action to [the] already concluded and final judgment." As an alternative basis for dismissing the supplemental complaint, the trial court found that it "fail[ed] to state a cause of action with respect to each of the defendants."

The plaintiff argues on this appeal that the filing of a supplemental complaint in this proceeding is authorized by T.C.A. § 26-4-101, which provides in pertinent part as follows:

> (a) The creditor whose execution has been returned unsatisfied, in whole or in part, may proceed in the court granting the judgment, or may file a complaint in a court of general jurisdiction against the defendant in the execution and any other person, to compel the discovery of any property, including stocks, choses in action or money due such defendant, or the defendant's interest in property held in trust for the defendant, except when the trust has been created by, or the property so held in trust has proceeded from, some person other than the defendant, and the trust is declared by a deed, trust agreement or duly probated will containing spendthrift provisions which apply to such defendant.
>
> *   *   *
>
> (c) As used in this section, the defendant's "interest in property" held in a trust created by the defendant, or in a trust where the property so held in trust has proceeded from the defendant, means the maximum amount which the trustee under the terms of the trust could pay to such defendant or apply for such defendant's benefit.

4

We disagree.  T.C.A. § 26-4-101 is limited by its terms to a complaint that seeks "to compel the discovery of" property of the defendants as to whom the plaintiff is a "creditor."  The supplemental complaint in this case has nothing to do with "discovery"; rather, it is an assertion of new causes of action as to defendants other than the two defendants against whom the plaintiff had, three years earlier, obtained a judgment.  It seeks money judgments against the new defendants; a finding that certain of the new defendants are general partners of the limited partnership and liable for the partnership's judgment; a finding that certain deeds are fraudulent conveyances that should be set aside; and other related relief.  The terms of T.C.A. § 26-4-101 thus do not apply to the supplemental complaint in this case.

The plaintiff also relies upon Rule 15.04, Tenn.R.Civ.P., which provides as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.  Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.  If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

We hold, as did the trial court, that Rule 15.04 is not applicable to the supplemental complaint in this case.  That rule pertains to a pleader's attempt to supplement a pre-existing pleading.  Implicit in the rule is the requirement that there has

5

to be a pleading to be supplemented.  In this case, the only pleading to which Rule 15.04 might be applicable is the original complaint; but that pleading has been converted into a judgment-- and a final one at that.  Once the judgment was final, there was no pleading that could be supplemented.

Finally, the appellant relies on **Woods v. Fields**, 798 S.W.2d 239 (Tenn.App. 1990) to support his argument that the supplemental complaint was properly filed in this case.  **Woods** is inapposite.  It simply reaffirmed the holding in **Fred's Finance Co. v. Fred's of Dyersburg, Inc.**, 741 S.W.2d 903 (Tenn.App. 1987), that permissive joinder of claims under Rule 20.01, Tenn.R.Civ.P. is appropriate if the claims sought to be joined in a single proceeding are "reasonably related."  **Woods**, 798 S.W.2d at 242.  The court in **Woods** pointed out that "[a]bsolute identity of all events [is] not necessary."  *Id*.  **Woods** permitted, in a single proceeding, the joinder of a claim for paternity for purposes of intestate succession under T.C.A. § 31-2-105 with the plaintiff's suit to impose a constructive trust on funds received for the wrongful death of her natural father.

Our response to the plaintiff's **Woods** argument is the same as our reply to his Rule 15.04 argument.  There is no pending claim in this case to which the plaintiff's supplemental complaint can be joined.  The claim that had been pending prior to July 8, 1991, matured into a judgment on that date.

We find and hold that there is no authority for the filing of the plaintiff's supplemental complaint and that the

6

trial court was correct in so holding.  We do not find it necessary or appropriate to reach the trial court's alternative holding that the supplemental complaint fails to state a cause of action as to each of the defendants.

The trial court did not abuse its discretion in dismissing the supplemental complaint.  *See **Welch v. Thuan***, 882 S.W.2d 792 (Tenn.App. 1994).

The judgment of the trial court is affirmed with costs on appeal being taxed against the appellant and his surety.  This case is remanded to the trial court for the collection of costs assessed below.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.

7